Griffin *v.* Fairbrother.

# GRIFFIN *vs.* FAIRBROTHER.

In an action for the breach of the covenant of *special warranty* in a deed, the allegation of the plaintiff was, that the defendant had " *no right to sell and* " *convey* in manner and form," &c.—*Held* that the two covenants were distinct, and that the action could not be maintained.

Where there is a breach of the covenant of *special warranty* no action can be maintained thereon in the name of the immediate grantee of the warrantor, if before such breach he has conveyed the land to another ; this being a covenant *running with the land.*

THIS was an action of *covenant broken,* tried on the general issue and a brief statement in which the defendant alleged that he had fully kept and performed all his covenants in the deed declared on. The breach alleged in the declaration was in

these words : " Now the plaintiff avers that at the time of the " conveyance of the said tract of land from the said *John Grif-* " *fin* to him the said *Lovell Fairbrother,* the said *John Griffin* " *had no right to sell and convey* the same in manner and form " as is in said deed of said *John Griffin* to said *Lovell Fairbroth-* " *er* set forth ; but that said *John Griffin* a long time before, to " wit, on the twenty-fourth day of *August,* in the year of our " Lord one thousand eight hundred and twenty-seven, by his " deed of that date, duly executed, acknowledged and recorded, " had sold and conveyed the same premises to one *Darius Long,* " *jr.* and covenanted in the said deed to warrant and defend " the said premises to said *Darius Long,* *jr.* against the claims " and demands of all persons ; and the said *Darius Long, jr.* " by force of said deed last mentioned forthwith entered upon " and has ever since occupied said premises and still holds the " same adversely to the plaintiff. And so the said *John Griffin* " his covenants aforesaid, with said *Lovell Fairbrother,* his heirs " and assigns, hath not kept, but hath broken the same."

The deed *Griffin* to *Fairbrother,* was dated, *March* 4, 1831, — and the only express covenant contained in it, was in these words : " And I do covenant with the said *Lovell Fairbrother* " his heirs and assigns, that I will warrant and forever defend " the premises to him the said *Lovell* and his heirs and assigns, " against the lawful claims and demands of all persons claiming " by, through or under me."

To show a breach of covenant, the plaintiff read to the jury, a deed of the same premises from *Griffin* to *Darius Long, jr.* bearing date *Aug.* 24, 1827, — and it appeared that on the same day, *Long* executed and delivered to *Griffin,* a mortgage deed of the same to secure the payment of $200, being the amount of the purchase money. It was proved that the plaintiff had full knowledge of said deed and mortgage at the time he received of *Griffin* the deed declared on. It was also proved that on the *8th day of March,* 1831, the plaintiff sold and conveyed the land in question to one *Isaac Chase,* with special warranty, for whose use and benefit, it was stated on the back of the writ, the present action was commenced.

There was a body of evidence adduced on the part of the

defendant to show that *Long* was desirous that the `plaintiff should purchase the land ; — that he, in the winter of 1830 and 1831, said he could not pay for the land and had given it up to *Griffin* " for good and all ;" and defendant introduced a letter of the plaintiff to *Griffin*, dated *April* 3, 1831, in which it was stated that " *Long* wanted his notes and he would give up his " deed," and that he, " *Long*, was going to move down " east." — *Long* had continued to live on the premises from the time of taking his deed, and *had forbidden the plaintiff to enter*.

There was evidence that in *May* or *June*, 1831, the notes were given up to *Long* for a gun, by one *Green* to whom *Griffin* had handed them for that purpose — and this was all that *Long* ever paid for the notes or for the rent of the land, the gun being worth $12.— for some reason the deed to *Long* was not cancelled or delivered up, or any release given by *Long* to *Griffin*. It was also proved, that it was agreed between *Fairbrother* and *Griffin*, that the latter was to be at no expense or trouble in removing *Long* from the premises.

On this evidence the counsel for the defendant contended that *Griffin's* deed to the plaintiff, was only an assignment of his right and interest in the premises, and that the plaintiff well knew what that was ; — that as mortgagee, *Griffin* had good right to sell and convey to the plaintiff, the notes being unpaid ; and that the only covenant in the deed from *Griffin* to the plaintiff, went with the land by the deed from the plaintiff to *Chase ;* that no ouster or eviction took place before he sold to *Chase ;* that if the plaintiff or *Chase* yielded to any but a legal title it was in their own wrong, and there was no evidence, that it was by judgment of law ; — that there was no evidence that *Long* had resisted the title of the plaintiff till after the conveyance to *Chase*, and till after the notes had been given up ; but that the contrary appeared by the letter of the plaintiff to *Griffin*, and that the notes were given up with the knowledge and consent of the plaintiff — that the title of *Long* had been given up and abandoned, and that the plaintiff knew it, but that there was a fraudulent arrangement between *Long* and the plaintiff to keep up a false appearance of an existing title in *Long*, for the

purpose of subjecting *Griffin* to damages for the breach of his covenant in said deed.

The *Chief Justice,* before whom the cause was tried, instructed the jury that if they believed from the evidence that there was such a fraudulent arrangement as was contended, they ought to give nominal damages only to the plaintiff; but if they should be of opinion that the plaintiff was not a party or assenting to any such fraudulent arrangement, then they ought to give damages for the value of the premises, which seemed to be admitted to be $200.

They returned a verdict for the plaintiff for nominal damages; and to the inquiry of the Court whether they found that there was such a fraudulent arrangement as before mentioned between the plaintiff and *Long,* the foreman replied in the affirmative.

*W. Goodenow,* for the defendant, stated the points, and enforced the arguments made on the trial of the cause to the jury. He also cited the following authorities.

1. To the point that the deed from the defendant to the plaintiff was merely an assignment of the mortgage, and that after the assignment the amount due on it, could be legally paid only to the assignee. *Davies v. Maynard,* 9 *Mass.* 242; *Cony v. Prentiss,* 7 *Mass.* 63.

2. That the mortgagee had good right to sell and convey, he cited, *Groton v. Boxborough,* 6 *Mass.* 50; *Richardson v. Goodwin,* 11 *Mass.* 469; *Perkins & al. v. Pitts,* 11 *Mass.* 125; *Weeks v. Bingham,* 11 *Mass.* 300.

3. That the covenant in *Griffin's* deed was *a covenant of warranty,* and passed with the land to *Chase,* the assignee of *Fairbrother,* cited *Bickford v. Page,* 2 *Mass.* 460; *Emerson v. Propr's of land in Minot,* 1 *Mass.* 464; *Hamilton v. Cutts & al.* 4 *Mass.* 349.

4. He contended that there had been no eviction or ouster of *Fairbrother* by a title paramount: 1. None, in fact, the one set up, having been found to be fraudulent. And 2. there could have been none in law without first paying the mortgage

money. *Twamley v. Henly*, 4 *Mass.* 441 ; *Emerson v. Prop. of Minot*, 1 *Mass.* 464.

5. *Fairbrother* having purchased with a knowledge of all the facts and circumstances, he could have been entitled to nominal damages only, *if the transaction had been fair*. *Leland v. Stone*, 10 *Mass.* 459.

6. The plaintiff not entitled to recover because the suit is founded in a fraudulent conspiracy between him and *Long*.

*Greenleaf*, for the plaintiff, maintained that the action was properly brought in the name of plaintiff rather than in that of *Chase* his assignee, and cited *Bearce v. Jackson*, 4 *Mass.* 408.

The instant the covenant was made, it was broken, *Long* being in, claiming adversely as mortgagor.

The covenant was not assignable, so as to give the assignee a right to sue in his own name. *Bickford v. Page*, 2 *Mass.* 445.

This action is brought for the benefit of *Chase* in the name of *Fairbrother* — and judgment in this action would be a bar to any claim that *Chase* should set up.

The deed from *Griffin* to *Fairbrother* contains a covenant *in præsenti*, — the words so import. *Hale v. Smith*, 7 *Greenl.* 416. It is virtually a covenant that defendant had good right to sell and convey.

The deed of quitclaim was no assignment of the mortgage unless the notes were given up, and they were not.

*Long* was not a tenant at will to the mortgagee, but held adversely — so his conduct shows.

MELLEN C. J. — Our deeds of conveyance most frequently in use, generally contain three covenants, 1. a covenant of *seisin*, and *good right to sell and convey*, which amount to the same thing. 2. A covenant of *freedom from incumbrances*. 3. A covenant of *general* or *special warranty*. A seisin *in fact* will support the *first*, though not a lawful one ; but whenever it is broken, it is broken the moment it is made. The *second* may be broken when the *first* is not. The *third* is a covenant which *runs with the land*, and he in whose time it is broken, whether

the grantee or any one who claims and holds under him, may maintain an action for the breach. In the case before us the covenant in *Griffin's* deed, and as alleged in the declaration, is a covenant of *special warranty* and the *breach assigned* is, that *Griffin had no right to sell and convey the premises* in manner and form as set forth in the deed abovementioned. The defendant *never covenanted* that he had good right to sell and convey the premises. Here is no breach assigned, except of a nonexisting covenant; and, thus on the face of the declaration no cause of action appears; and should a judgment be entered on the verdict, it would be reversible on error, inasmuch as no breach of the *special warranty* is alleged in any form. We might stop here, and grant a new trial; but as an amendment of the declaration might lead to further delay and expense, we will go on, and observe, that on the report of the Judge it appears, that the defendant's covenant was not broken until *after* the plaintiff made his conveyance to *Chase* on the 8th of *March*, 1831 ; for it appears that in *April* following *Long* stated that he was going — wanted his notes and would give up the land; but that *since* that time he had continued in possession and *forbidden the plaintiff* to enter. On these facts, and those stated in respect to *Long's* mortgage to *Griffin*, he, as mortgagee, had an undoubted right to convey his right, that is, to assign the mortgage to the plaintiff, though *Long* was in possession; and for the same reason the deed of the plaintiff to *Chase* operated as an assignment of the mortgage, or all the plaintiff's right to *Chase ;* and if the acts of *Long*, since that time, amount to a breach of the defendant's covenant of *special warranty*, the action should have been brought by *Chase*, as the covenant of *Griffin* ran with the land to him. It is said this action is instituted and pursued for the benefit of *Chase ;* that may be ; but this does not alter the case : *Chase* should have been the plaintiff on record, had a proper breach been assigned ; — and an amendment in this respect cannot aid the plaintiff. In addition to all this, the verdict has placed the plaintiff before us in this action as engaged in a collusive transaction for the express purpose of defrauding the defendant. For some reason, which seems not to have been sufficiently examined at the trial,

the instruction was given to the jury to find a verdict for *nomi-nal* damages. We are *now* all satisfied that this was incorrect. In every view of the cause we are satisfied the verdict is wrong, and that on the facts before us the action cannot be maintained.

*Verdict set aside and a new trial granted.*