JOHN PRESCOTT *versus* FREDERICK HOBBS & *al. adm'rs.*

The principle of the common law, that for a breach of the covenant of seizin of real estate, and of good right and lawful authority to convey the same, a right of action does not pass to the assignee of the grantee, has been controlled by sections 16 and 17 of chapter 115 of the Revised Statutes.

Such an assignee may maintain a suit upon such breach against the grantor of his grantor; but as a pre-requisite, he must, at the first term, file in the Court, for the use of his grantor, a release of the covenants in his, the said grantor's deed.

Where the ruling of the Judge is, in itself, correct, it will be sustained, although the *reason* he gave for it be incorrect.

COVENANT broken, upon the covenants contained in a deed of real estate given by Benjamin Bussey, the defendant's intestate, to N. D. Coombs, his heirs and assigns.

The covenants were that Bussey was seized of the premises, and had lawful right to convey. The land was conveyed by Coombs to the plaintiff.

WHITMAN, C. J. ruled that the action was not maintainable, because brought in the name of the assignee of the intestate's grantee.

*J. Appleton,* for plaintiff.

*Hobbs,* for defendants.

WELLS, J. — The plaintiff's action is against the representatives of the grantor of Coombs, from whom his title is derived. He alleges, that the intestate was not seized, at the time of the conveyance, and that he had not good right, and lawful authority to sell.

It is a principle of the common law, that the covenants in a deed, made by one, who is not seized, of seizin, and of good right and lawful authority to sell, are broken, as soon as made, and that a right of action, for a breach of them, does not pass to the assignee of the grantee ; that such right is a chose in action, and belongs exclusively to the grantee. *Marston v. Hobbs,* 2 Mass. 433 ; *Bickford* v. *Page, Ibid.* 455 ; *Griffin v. Fairbrother,* 1 Fairf. 91.

The 16th § of chap. 115, R. S. indicates, that a right of action shall pass to the assignee of the grantee, for a breach of the covenant of seizin ; but the language necessary, to perfect such an intention, is not used throughout the whole section. It subsequently limits the enactment to cases of incumbrances, arising from mortgages. But § 17 dispels the obscurity of the prior one. It takes from the grantee, after he has assigned to a third person, the power to release the covenants of seizin and freedom from incumbrances, " so as to bar or any way affect the right , of such third person, to maintain an action against the first grantor, for breach of said covenants of seizin, and freedom of the premises from incumbrances."

This section deprives the grantee, after the assignment, of the power of releasing such covenants, and recognizes the right of the assignee, to maintain an action, to recover damages for the breach of them.

Taking both sections together, the meaning and purpose of the Legislature is too plain, to be disregarded. It is manifest, that a right of action for a breach of the covenant of seizin, as well as that against incumbrances, is intended to be given to the assignee of the grantee. Although our conclusion is, that the plaintiff could maintain an action for the alleged breach of the covenants, in his own name, yet the facts proved were not sufficient to sustain it. When the facts proved or offered to be proved, are not sufficient to maintain the action, a nonsuit is properly ordered, even if a wrong reason is given for the order.

Both the act of March 23, 1835, and the sixteenth section ·of chap. 115, R. S. require, that the plaintiff shall file in Court,

at the first term, for the use of his grantor, a release of the covenants in his grantor's deed, and all causes of action on any such covenants.

The plaintiff not having made any such release, the action cannot be maintained.                    *Nonsuit confirmed.*