## COUNTY OF KENNEBEC.

### BALLARD *versus* CHILD.

A covenant, in a deed of conveyance, which is broken at the moment of its execution, does not run with the land, and at the common law no action upon it can be maintained by an assignee.

The R. S. c. 115, §§ 16 and 17, giving to assignees the right of action upon such covenants, extends only to cases in which an eviction had occurred.

Where no seizin passes by the conveyance, and no possession is taken, there can be no eviction.

On REPORT from *Nisi Prius*, WELLS, J. presiding.

COVENANT BROKEN.

The defendant conveyed by deed of warranty in common form, to Thomas Sawyer his heirs and assigns a dwelling-house, "together with the privilege of getting water from the well" on an adjoining lot.

The plaintiff is the assignee of Sawyer.

Prior to the conveyance to Sawyer, the well had been filled up, and a permanent brick store had been erected over its place.

This is an action upon the covenant of seizin contained in the defendant's deed to Sawyer. The plaintiff moves for leave to insert a count upon the covenant for quiet enjoyment.

The ground of the suit is, that, by the destruction of the

well, the defendant's covenants were broken. The plaintiff did not file in the Court any release of the covenants contained in the deed of Sawyer to himself. The case was submitted to the decision of the Court.

*Lancaster & Baker,* for the plaintiff.

*Vose,* for the defendant.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD, RICE and APPLETON, J. J. was drawn up by

RICE J. — This is an action of covenant broken. The plaintiff asks leave to amend his declaration by declaring for a breach of the covenant of warranty as well as seizin. The subject matter of this action was before this Court in the case of *Ballard* v. *Butler,* 30 Maine, 94. In that case, which is now referred to, the Court found, that the easement described in the plaintiff's writ was "annihilated and destroyed" in 1831, before the premises, to which it is alleged to have been appurtenant, were conveyed to the defendant.

The defendant therefore, at the time of his conveyance to Sawyer, had neither seizin nor title, the thing granted having no existence in fact. His covenants were therefore instantly broken, and a right of action thereon accrued to his grantee upon those covenants. This right did not run with the land, but remained where it fell, with the grantee. It became a mere chose in action, not transferable. *Slater* v. *Rawson,* 1 Metc. 450.

The plaintiff contends, that by the provisions of the R. S. c. 115, § 16 and 17, all the rights of the defendant's grantee under the covenants passed by assignment to the plaintiff, and that he is thereby authorized and empowered to maintain this action in his own name, in the same manner as the original covenantee might have done.

This authority is found, if at all, in the 16th section of said chapter, which provides, "in all cases where real estate has been, or may be absolutely conveyed to any person, his heirs and assigns, with a covenant, that the grantor was seized in fee of the same, and that it was free of all incumbran-

ces at the time of such conveyance, the said estate then being under mortgage or other incumbrance, or the grantor not being then seized of the same, the assignee of such grantee, his executors or administrators, after having been evicted of said estate, by the elder and better title of the mortgagee, his heirs or assigns may maintain an action of covenant broken against the first grantor," &c.

This statute is a modification of the rules of the common law, by which assignees may, in certain specified cases, maintain actions in their own names, for breaches of covenant, where formerly such actions could only be maintained in the name of the original covenantee. But like other changes in established rules of law, it cannot be extended beyond its express terms.

The statute only authorizes the assignee, *after having been evicted of said estate by the elder and better title of the mortgagee,* to maintain the action of covenant broken. Here there has been no seizin, no possession, consequently there can have been no eviction. The contingency contemplated by the statute has not occurred, its provisions therefore do not apply to the case at bar, which must be determined according to the rules of the common law, which have already been considered.

There were several other matters discussed at the argument, which do not become material in the determination of the case.

The amendment desired would be unavailing if granted.

According to the agreement of the parties a nonsuit is to be entered.