NATHANIEL BLANCHARD *versus* GEORGE H. BLANCHARD.

The conveyance of two thirds of a parcel of real estate in common and undivided, by one who owns the whole in fee subject to the right of dower of a widow, has no effect upon the right of dower.

In such case, partition between the parties to the deed would not save the grantee from the liability of having the widow's dower assigned in his portion of the estate; nor can the grantee, by petition for partition, have his portion set out in severalty, before the dower has been assigned.

The covenants of warranty, in a deed given under such circumstances, are broken on its delivery.

The breach, having once taken place, is not cured, though only one third of the whole is assigned as dower, and the grantee is left in possession of the residue.

The damages will depend upon whether more than one third in value was assigned as dower; and the grantee is not concluded, upon this question, by the assignment.

ON REPORT.

ACTION OF COVENANT for the breach of the covenants in a deed of warranty.

The defendant being seized in fee of a parcel of real estate, subject to the right of dower of his mother therein, conveyed by deed of warranty two undivided third parts thereof to the plaintiff.

Subsequently, one-third of the whole was assigned to his mother as dower by metes and bounds, and the plaintiff was left in possession of the remainder without interruption, or eviction therefrom.

*Shepley & Dana,* for plaintiff.

*Henry Willis*, for defendant.

· 1st. In construing covenants, the whole instrument must be taken together, and one part be explained by another. Technical rules are not to be so much consulted as the real meaning of the parties, where it can be gathered from the instrument itself. U. S. Digest, vol. 7, p. 147, §§ 1 and 2; *Killian* v. *Harshaw*, 7 Iredell, 497.

2d. The whole tenor of the deed shows, that it was the intention of the parties to reserve one third of the entire estate for the purpose of satisfying the widow's right of dower; and that the covenant of freedom from incumbrances was not · intended to extend over that right of dower.

3d. The defendant in good faith conveyed by his deed to the plaintiff, two thirds in common and undivided of the estate, leaving one third to satisfy the widow's dower, she being then in possession as dowress. After the dower was assigned in due form of law, there still remained the two third parts of the entire estate, conveyed by defendant's deed, which the case shows plaintiff has ever since occupied without eviction or interruption.

4th. The case, therefore, showing that there has been no eviction of the plaintiff from the premises conveyed by the defendant's deed, this action cannot be maintained, *Emerson* v. *Prop'rs of land in Minot*, 1 Mass., 464; *Bearce* v. *Jackson, Adm'r*, 4 Mass., 408; *Gilman* v. *Haven*, 11 Cush., 330.

5th. But, if the Court should be of opinion that the action will lie, the plaintiff having suffered no actual injury, he can recover no more then nominal damages. 4 Kent's Com., *476; *Copeland* v. *Copeland & al.*, 30 Maine, 446; *Stowell* v. *Bennett*, 34 Maine, 422, and cases cited; *Willson* v. *Willson*, 5 Foster, (N. H.,) 229.

The opinion of the Court was drawn up by

TENNEY, C. J.— The deed containing the covenant, for the breach of which this action was brought, dated Oct. 4, 1851, is of two undivided third parts of certain real estate, therein described, which was owned and possessed by David Blanch-

ard, at the time of his decease, in the year 1838, and which descended to the defendant, subject to the right of dower therein, of Almira Blanchard, the widow of David.

In 1856, the widow, under proper proceedings in probate, had her dower assigned in said real estate, and has had exclusive possession of the part so set off to her, since the assignment, leaving the remainder in the possession and the occupation of the plaintiff, without interruption, and eviction therefrom.

The conveyance of two third parts of the whole to the plaintiff, in common and undivided, had no effect upon the widow's right of dower; she was still entitled to have the assignment from any portion of the whole, according to the judgment of the commissioners appointed by the Probate Court and the approval of the Probate Judge. The incumbrance, therefore, was co-extensive with the boundaries of the whole.

If the portion conveyed to the plaintiff in common and undivided, was free from this incumbrance, the plaintiff could forthwith have instituted proceedings, in order to have partition, so that he could enjoy his two third parts in·severalty, without exposure to any change by the widow in securing and making effectual her right. But partition in a process between the parties to the deed, would not in the least secure the plaintiff from the liability to have a part of the land set off to him in the partition, covered by the assignment of the widow's dower. Hence, he could make improvements only at the risk of loss, arising from an eviction which he could not resist to some extent, if it should be attempted.

Persons seized of, or having a right of entry into real estate in fee simple or for life, as tenants in common, joint tenants or co-partners, may be compelled to divide the same by a writ of partition at common law. R. S., c. 88, § 1. Or, by petition for partition, under the same statute, § 2, *et seq.* But, a person having such seizin or right of entry of real estate, as mentioned in the section referred to, cannot invoke this process in order to cause a partition, when the other party is a widow entitled to dower, which has not been assigned.

The proceedings in partition, whether by writ or petition, are in the Supreme Judicial Court, and the parties have a right to a trial by jury of any issue of fact, which may be presented, as in cases at common law. But the assignment of dower is in probate, and the parties have not an absolute right to a trial by jury, and the proceedings are essentially unlike those in questions of partition, as well as before a different tribunal of dissimilar jurisdiction. Hence, it follows, that in a deed of land, which is subject to the right of dower, and two third parts only thereof are attempted to be conveyed in common and undivided, in fee simple, with covenants of warranty, the incumbrance is not thereby removed from the two third parts; and the grantee is not bound by the line which separates the part set off as dower from the residue. The covenant of warranty was broken on the delivery of the deed. *Porter* v. *Noyes*, 2 Greenl., 26; *Shearman* v. *Ranger*, 22 Pick., 447. The breach having taken place, is not cured, though one third only of the whole land subject to the dower, is assigned.

According to the agreement of the parties, *the defendant must be defaulted.*

It cannot be predicated, that the damages are merely nominal, though in fact it *may* be so. As we have seen, the plaintiff is not concluded by the assignment, on the question of damages. The question is open, whether he has the possession and enjoyment of two third parts of the land. He has been evicted, in fact, of the part set off to the widow. If this part shall be shown to exceed in value one third part of the whole, he will be entitled to damages accordingly, so long as the life estate in the portion assigned shall continue.

Damages to be assessed by any member of the Court, according to the agreement in the report.

RICE, APPLETON, GOODENOW, DAVIS and KENT, JJ., concurred.