AUGUSTUS R. HARRINGTON *vs.* EMERY O. BEAN, Adm.

Kennebec.   Opinion January 18, 1897.

*Deed.   Covenant.   Damages.   Interest.*

An action for a breach of the covenants of warranty in a deed of real estate is maintainable by the grantee although the deed in question and the mortgage back from the grantee to the defendant were a part of the same transaction and contained the same covenants of warranty; and although the relation of mortgagor and mortgagee still subsists between the parties.

The exercise by a stranger of his paramount right of flowage is an interruption of the grantee's full enjoyment of the premises. It is a permanent subtraction from the substance of the estate. *Held;* that all the damages resulting from the encumbrance created by a covenantor's former grant of a

perpetual easement to flow a portion of the land are suffered by the grantee, in contemplation of law, on the day of the conveyance to him.

The rule of damages in this class of cases, as in all others, is designed to give the aggrieved party a fair indemnity for the damages sustained,—an exact equivalent for the loss or injury. He is to be made whole as far as money is a measure of just compensation. *Held;* in this case that the defendant must make good his warranty; he must pay a sum of money which will put the plaintiff in as good condition as if the defendant had kept his covenants.

Where the cause of action is not only a breach of the covenant against encumbrances but also of the covenant to warrant and defend; and it appears that by the exercise of an outstanding right to flow, a portion of the land was flooded and covered with water, and the plaintiff was deprived of the use of such land, as well as of the possession, *held;* that there was substantially an eviction; and it may properly be deemed an eviction pro tanto.

In such case, the measure of damages are as follows:—

The plaintiff is entitled to recover as damage the difference between the value of the farm as it was in fact, and its value as it would have been without the encumbrance of the paramount right to flow, with interest thereon from the date of the conveyance to the plaintiff.

See *Bean* v. *Harrington,* 88 Maine, 460.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

*L. T. Carleton,* for plaintiff.

*Emery O. and Fred E. Beane,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

WHITEHOUSE, J. The plaintiff in this case recovered a verdict for $350, as damages for a breach of the covenants of warranty contained in a deed of real estate given to him by Francis Dexter, the defendant's intestate, and the defendant alleged exceptions to the rulings of the presiding justice.

May 1, 1878, Dexter conveyed the premises in question to the plaintiff by deed of warranty containing these covenants:— "And I do covenant with the said grantee, his heirs and assigns, that I am lawfully seized in fee of the premises; that they are free of all encumbrances; and further that I, and my heirs, shall and will warrant and defend the same to the said Augustus R. Harrington, his heirs and assigns forever, against the lawful claims and demands of all persons."

On the same day, Harrington reconveyed the premises to Dexter by deed of mortgage containing the same covenants, to secure the payment of a part of the purchase money.

It appears, however, that long prior to this transaction, viz: on the 2d day of November, 1854, Dexter had conveyed to other parties a perpetual easement in a portion of the estate in question, being the "full right and lawful authority to flow all the land on the northerly side of the brook" and on "the westerly side of the road" as high as a certain dam therein named, would flow.

The defendant contends, in the first place, that as the deed of the premises to the plaintiff and the mortgage back to Dexter, in 1878, contained the same covenants of warranty and were parts of the same transaction, and as the relation of mortgagor and mortgagee still subsists between the plaintiff and the defendant, this action for a breach of covenant of warranty cannot be maintained.

This precise question appears to have been directly raised and definitely settled in *Hardy* v. *Nelson*, 27 Maine, 526, and *Hubbard* v. *Norton*, 10 Conn. 422. In the latter case the court say in the opinion by Williams, C. J.:—"Unless all principles of common sense are disregarded, we must suppose that the deed of the defendants, conveying the land, in fact preceded that of the plaintiff, which was given to secure the consideration money for the land so conveyed. There must then have been a seizin in the plaintiff under and by virtue of the defendant's deed to him. . . . . If then we must consider the plaintiff's deed as subsequent to that of the defendants, it can be no estoppel; because a warranty of title by the plaintiff, in a subsequent deed, will not prove that the defendants had title when they conveyed to the plaintiff; for the plaintiff might at that time, or immediately after, have purchased in another title. . . . . The construction contended for by the defendant would rather tend to defeat than to carry into effect the intention of the parties."

In the former case the facts were exactly analogous to those in the case at bar, and the court held that the plaintiff was entitled to recover. These authorities are conclusive upon this branch of the case.

The defendant again contends that the rule of damages given to the jury was erroneous with respect to the allowance of interest.

The instructions given were as follows:—"How much would that particular farm have been worth on the first day of May, 1878, provided there had been no right outstanding and existing in anybody else to flow it? . . . . How much less was the farm worth, May 1st, 1878, by reason of this outstanding right to flow, by reason of this encumbrance? . . . . Settle that, in the first place, upon the evidence which has been introduced. . . . . After ascertaining what the amount of the damage is, you may, by way of damage for the detention of the money belonging to the plaintiff, add a sum equivalent to interest from the time it was sold to the present time."

The defendant insists that in such a case interest is allowable only from the time of demand, and as there is no evidence of a demand in this case prior to the commencement of the action, that interest should have been computed only from the date of the writ.

It is the opinion of the court, however, that the ruling was in substance correct. It authorized the jury to add interest from the time the estate was sold and conveyed to the plaintiff. At that time there existed an outstanding right to flow a portion of these premises,—a perpetual easement which was incapable of being removed at the option of the covenantee. At that time the value of the estate was diminished by the existence of this paramount right of flowage, and the amount of such decrease in the value was the damage to which the plaintiff would have been entitled, at that time, in an action for a breach of the covenant of warranty. The commencement of this action was evidently delayed in the erroneous belief that his claim for damages could be offset against the mortgage debt. (*Bean* v. *Harrington*, 88 Maine, 460.) During all these years he has been deprived of the beneficial enjoyment of a part of the estate conveyed to him, while the covenantor, the defendant's intestate, was receiving the income accruing from the proceeds of the sale of this outstanding right of flowage.

The rules which have been established to determine the measure of damages in this class of cases, as in all others, are designed to give the aggrieved party a fair indemnity for the damages sustained. He is entitled to an exact equivalent for the loss or injury; he is to be made whole so far as money is a measure of just compensation. This is the guiding principle to be kept in view in the application of all rules of damages.

So in an action for breach of covenant the defendant must make good his warranty; he must pay a sum of money which will put the plaintiff in as good condition as if the defendant had kept his covenant.

In this case the exercise by a stranger of his paramount right of flowage, was an interruption of the plaintiff's full enjoyment of the premises. It was a permanent subtraction from the substance of the estate. On the day of the conveyance to him, the plaintiff, in contemplation of law, suffered all the damage resulting from the encumbrance created by his covenantor's former grant. The covenant was broken as soon as made. A rule of damages which would relieve the defendant from paying and prevent the plaintiff from receiving interest from that time on the amount then paid by the plaintiff, for which he received no equivalent and the income of which the defendant's intestate has continually enjoyed, would be clearly inadequate and unjust; while the rule actually given is not only reasonable and manifestly equitable, but when the facts to which it was applied are critically analyzed, it will be found in no degree in conflict with the rule established by the great weight of authority.

For a breach of the covenant of seizin resulting from a total or partial failure of title, the authorities are all agreed that the purchaser is entitled to recover the consideration paid, which was the agreed value of the estate of which he has been deprived, with interest from the time of payment. *Montgomery* v. *Reed*, 69 Maine, 515; *Wheeler* v. *Hatch*, 12 Maine, 389; *Stubbs* v. *Page*, 2 Maine, 378; Sedgwick on Damages, 195; 2 Sutherland on Dam. 257. So, for breach of the covenant to warrant and defend, the plaintiff is entitled to recover the value of the land which he lost

by the injurious act of the defendant, with interest from the time of the eviction. *Williamson* v. *Williamson*, 71 Maine, 447 ; *Hardy* v. *Nelson*, 27 Maine, 526.

But the defendant insists that, in the case at bar, there was no failure of title and no eviction, and that the rule which gives interest from the time of eviction is therefore inapplicable.

It must be remembered, however, that the cause of action · in this case was not only a breach of the covenant against encumbrances, but also of the covenant to warrant and defend the premises against the lawful claims of all persons ; and this latter covenant, so far as the question of eviction is concerned, is precisely equivalent to the covenant for quiet enjoyment found in deeds of warranty in other jurisdictions. *Lamb* v. *Danforth*, 59 Maine, 322 ; *Shattuck* v. *Lamb*, 65 N. Y. 503. In Rawle on Cov. (4th Ed.) 154, after a careful review of the cases, it is said that the rule best supported by reason and authority is this:—" When at the time of the conveyance the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment, or of warranty, will be held to be broken without any other act on the part of either the grantee or the claimant." See also 3 Washburn on Real Prop. 398. So, if the paramount title is only an outstanding right to an easement in the premises conveyed, which naturally impairs the value of the estate and interferes with the use and possession of some portion of it, the covenant for quiet enjoyment or of warranty is held to be broken, although there is not a technical, physical ouster from the actual possession of any portion of it; it is deemed an eviction pro tanto. *Lamb* v. *Danforth*, 59 Maine, 322 ; *Clark* v. *Estate of Conroe*, 38 Vt. 469 ; *Russ* v. *Steele*, 40 Id. 310 ; *Scriver* v. *Smith*, 100 N. Y. 471. In the last named case the facts were closely analogous to those at bar and the court say in the opinion:— " Douglass had a paramount right to an easement to set back the water of the river, and to flood the land conveyed ; and in the exercise of that right he did cause a portion of the land conveyed to be flooded and covered with water, and of such land the plaintiff was deprived of the use and really and practically of the

possession, and thus there was substantially an eviction." See also *Rea* v. *Minkler*, 5 Lans. 196; *Adams* v. *Conover*, 87 N. Y. 422; *Flanders* v. *Fay*, 40 Vt. 310.

The result must be the same if the plaintiff's cause of action be deemed simply a breach of the covenant against encumbrances; for in such a case when the encumbrance is of a permanent nature and not removable at the will of the purchaser, it is uniformly said to be the rule that the covenantee should recover a just compensation for the real injury resulting from its continuance. Sedgwick on Dam. 199; 2 Sutherland on Dam. 327; *Harlow* v. *Thomas*, 15 Pick. 66; *Wetherbee* v. *Bennett*, 2 Allen, 428.

And it has been made manifest that the damages to which the plaintiff in this case would have been entitled, at the time of the conveyance, could only become just compensation at the time of judgment by the addition of interest from the time he paid the purchase money to his grantor.

*Exceptions overruled.*