ROSCOE H. THOMPSON *vs.* FREDERICK S. RICHMOND & Trustee.

Franklin.    Opinion December 18, 1906.

*Deeds.    Covenants.    Actions.    Assignees.    R. S., chapter 84, section 30.*

When land conveyed with covenants of warranty has passed by subsequent conveyances, with like covenants of warranty, through the hands of various covenantees, the last covenantee or assignee in whose possession the land was when the covenant was broken can alone sue for the breach, and he has a right of action against any or all of the prior warrantors. No intermediate covenantee can sue his covenantor until he himself has been compelled to pay damages on his own covenant.

General covenants of warranty in a deed of land are prospective and run with the estate, and consequently vest in assignees and descend to heirs. But covenants of seizin and those against incumbrances are personal covenants in praesenti which do not run with the land and are not assignable by the general law.

In the case at bar, the defendant Richmond conveyed the premises in question to the plaintiff Thompson by warranty deed containing the usual covenant against incumbrances. At that time the premises were subject to a mortgage given by the defendant to one Crafts.

The plaintiff subsequently conveyed the premises by warranty deed to one Helen C. Thompson who in like manner by warranty deed conveyed to one Bean.   The latter by warranty deed conveyed the premises to one Israel Bean who died intestate leaving two sons, to whom the title descended and who have now title and possession.

The mortgage constituting the incumbrance was foreclosed and by assignment came to one Whittemore, who afterward quitclaimed his interest in the premises to the plaintiff Thompson in consideration of $250.

The present owners have never been disturbed in their quiet possession of the premises by any one claiming any right or title thereto by virtue of the Crafts mortgage, and the plaintiff has never been sued on his covenants in his deed of the premises to said Helen C. Thompson, and was never threatened with any suit or claim on account of such covenants by any person except said Whittemore.

Prior to his purchase of the outstanding interest claimed by said Whittemore the plaintiff had suffered no damage and might never have sustained any. His voluntary act in purchasing the outstanding title without the request or the consent of the present owners of the estate, does not entitle him to recover in this suit the amount thus expended. But as there was

a breach of the covenant against incumbrances at the time the plaintiff received his deed from the defendant, he is entitled to recover nominal damages in this action.

On report on agreed statement of facts. Judgment for plaintiff for $1.00.

Action of covenant broken to recover damages for a breach of the covenant against incumbrances brought by the original covenantee against the original covenantor after conveyance of the land by the former. The land to which this action relates is situate in the town of Jay.

Plea, the general issue, and a brief statement alleging as follows :

"1. That the defendant has fulfilled, performed and kept all and singular the covenants, grants and agreements on his part to be fulfilled and performed.

"2. That the plaintiff has never been disturbed in the quiet enjoyment of the premises described in his said declaration ; or in his right to use said premises according to the true intent and meaning of said grant.

"3. That at the time of the commencement of the plaintiff's said action he had no right, title or interest in and to the premises described in his said declaration."

This action came on for trial at the May term, 1906, of the Supreme Judicial Court, Franklin County. An agreed statement of facts was filed and the case was withdrawn from the jury and reported to the Law Court with the stipulation that the Law Court should "render judgment in accordance with the law and the facts of the case."

All the material facts are stated in the opinion.

*E. E. Richards and R. H. Thompson,* for plaintiff.

*Joseph C. Holman,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. This is an action of covenant broken to recover damages for a breach of the covenant against incumbrances brought by the original covenantee against the original covenantor after conveyance of the land by the former.

Dec. 26, 1887, the defendant Richmond conveyed the premises in question to the plaintiff Thompson by warranty deed containing the usual covenant against incumbrances. At that time the premises were subject to a mortgage given by the defendant to Adeline B. Crafts dated May 20, 1882.

June 27, 1901, the plaintiff conveyed the premises by warranty deed to Helen C. Thompson who in like manner by warranty deed of Nov. 20, 1895, conveyed to Augusta N. Bean. The latter by warranty deed of June 21, 1897, conveyed the premises to Israel Bean who died intestate in May, 1905, leaving two sons George H. and Perley Bean, to whom the title descended and who now have title and possession. They had no notice of the incumbrance on the premises until after the commencement of this action.

The mortgage constituting the incumbrance was foreclosed and by assignment came to Herbert C. Whittemore July 28, 1898. Whittemore quitclaimed his interest in the premises to the plaintiff Thompson by deed dated December 1, 1904, for which it is claimed the plaintiff gave him a note for $250.

Dec. 26, 1887, the defendant Richmond conveyed to Alvin Record the real estate covered by the Crafts mortgage given by him excepting the lot in question which he had previously conveyed to the plaintiff Thompson. By this deed Richmond conveys the land to Record subject to the Crafts mortgage but in the language of the agreed statement "Richmond says that Record was to pay the Crafts mortgage as a part of the consideration of the deed to Record." The following statement also appears among the facts reported : " Roscoe H. Thompson says that he gave his note for $250 to Herbert C. Whittemore for the quitclaim deed of the premises at the time of the conveyance to him of Dec. 1, 1904."

The plaintiff Thompson has never been sued on his covenants in his deed of the premises to Helen C. Thompson nor was he ever threatened with suit or claim on account of such covenants by any person except Whittemore.

The plaintiff was first notified of the incumbrance in question on the real estate described in the writ, by H. C. Whittemore, a few weeks before the date of the writ and payment demanded. The

defendant refused to do anything to satisfy Whittemore before the plaintiff made the settlement with him. It is agreed that the sum paid is a fair and reasonable amount to free the real estate from the incumbrance named.

The case is reported to the Law Court upon an agreed statement of facts.

When land conveyed with covenants of warranty has passed by subsequent conveyances, with like covenants of warranty, through the hands of various covenantees, the last covenantee or assignee in whose possession the land was when the covenant was broken, can alone sue for the breach, and he has a right of action against any or all of the prior warrantors. No intermediate covenantee can sue his covenantor until he himself has been compelled to pay damages on his own covenant. 2 Chitty on Cont. 1388 ; *Crooker* v. *Jewell,* 29 Maine, 527.

General covenants of warranty in a deed of land are prospective and run with the estate, and consequently vest in assignees and descend to heirs. But covenants of seizin and those against incumbrances are personal covenants in praesenti which do not run with the land and are not assignable by the general law. *Allen* v. *Little,* 36 Maine, 170. The provisions of sect. 30 of chap. 84, R. S., only authorize the assignee of a grantee to maintain an action for the breach of such covenants, after eviction by an older and better title, and are therefore not applicable to the case at bar where there has been no eviction of the owners of the premises in question.

In the intermediate conveyances from the plaintiff to the Beans who are the present owners, the deeds have all contained covenants of warranty. If the present owners who are in possession of the estate had been evicted by the enforcement of Whittemore's mortgage claim, they could have availed themselves of the covenants in the deeds of the prior warrantors, and thus the defendant Richmond, the first covenantor, might ultimately have been vouched in to defend.

It appears, however, that the Beans, the present owners, have never been disturbed in their quiet possession of the premises by any one claiming any right or title thereto by virtue of the Crafts mortgage, and never knew there was such a mortgage until the com-

mencement of this suit. It further appears that the plaintiff has never been sued on his covenants in his deed of the premises to Helen C. Thompson, and was never threatened with any suit or claim on account of such covenants by any person except Whittemore.

According to the agreed statement of facts reported, the plaintiff Thompson " says " that he gave his note for $250 to Whittemore for the quitclaim deed of the premises in 1904.

If this statement ascribed to Thompson is presented for the consideration of the court as one of the " facts agreed " by the parties, it must be assumed that the plaintiff paid $250 to purchase the outstanding title from Whittemore. But prior to his conveyance of all his interest in the estate to Helen C. Thompson, by deed with covenants of warranty, the plaintiff had sustained no damage on account of the Crafts mortgage; and after a grantee of land has conveyed his estate, he can maintain no suit upon such covenants unless prior to his conveyance he had been damnified. *Allen* v. *Little*, 36 Maine, 170; *Griffin* v. *Fairbrother*, 10 Maine, 91. A covenantee who has conveyed his estate to a second grantee with warranty cannot maintain an action against his covenantor for a breach of the warranty subsequently occurring, unless he is compelled to pay damages upon his own covenant of warranty, so that the first covenantor may not be liable to be twice charged. *Wheeler* v. *Sohier*, 3 Cush. 219. Prior to his purchase of the outstanding interest claimed by Whittemore the plaintiff had not suffered any damage and might never have sustained any. His voluntary act in purchasing the outstanding title without the request or the consent of the present owners of the estate, does not entitle him to recover in this suit the amount thus expended. But as there was a breach of the covenant against incumbrances at the time the plaintiff received his deed from the defendant, he is entitled to recover nominal damages in this action.

*Judgment for plaintiff for one dollar.*