2012 ME 137

**David S. LLOYD et al.**

**v.**

**ESTATE OF Annabelle E. ROBBINS.**

Supreme Judicial Court of Maine.

Argued: Nov. 8, 2012.

Decided: Dec. 13, 2012.

Barry K. Mills, Esq. (orally), Hale & Hamlin, LLC, Ellsworth, for appellant Estate of Annabelle E. Robbins.

William B. Devoe, Esq. (orally), and Megan E. Randlett, Esq., Eaton Peabody, P.A., Bangor, for appellees David S. Lloyd and Vickie R. Lloyd.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN and JABAR, JJ.

PER CURIAM.

[¶ 1] The Estate of Annabelle E. Robbins appeals from a judgment of the Superior Court (Hancock County, *Cuddy, J.*) finding that Robbins breached implied covenants in her deed when she sold land to David and Vickie Lloyd in January 2000. This is the Estate's second appeal.

[¶ 2] In 2009, Annabelle Robbins's Estate first appealed from a judgment finding that she had breached the covenants contained in the deed. *Lloyd v. Estate of Robbins*, 2009 WL 1106428, 2009 Me.Super. LEXIS 47 (Mar. 10, 2009). In 2010, we vacated the court's judgment, applied a six-year statute of limitations, and remanded the case for the court to determine when the statute of limitations began to run. *Lloyd v. Estate of Robbins*, 2010 ME 59, ¶¶ 18, 20–24, 997 A.2d 733. On remand, the court found that the limitations period began when the court, in separate litigation, awarded a portion of the land to the abutting landowners in June 2005. *See Lloyd v. Benson*, 2006 ME 129, ¶¶ 15–17, 910 A.2d 1048, *aff'g* 2005 WL 2708359, 2005 Me.Super. LEXIS 34 (Feb. 3, 2005) (awarding title to three acres to the abutting landowners).

[¶ 3] The Estate argues that the trial court erred in finding that the six-year statute of limitations had not expired. We conclude that the court did not err in finding that the neighboring landowners had not evicted the Lloyds and that the Lloyds were not dispossessed of the land until the court awarded title to the neighbors in June 2005. *See McCormick v. Crane*, 2012 ME 20, ¶ 7, 37 A.3d 295 (noting that the covenant of warranty is breached upon eviction, which occurs when there is a "disturbance of title or possession by a paramount title" (quotation marks omitted)); *cf. Montgomery v. Reed*, 69 Me. 510, 515 (1879) (discussing the requirements for eviction from an easement by physical disturbance of possession). Therefore, the court properly found that the statute of limitations had not expired at the time when the Lloyds filed their complaint alleging Robbins's breach. *See* 14 M.R.S. § 752 (2011) (setting out a six-year statute of limitations for civil actions).

[¶ 4] The Estate also contends that the court erred in finding that the neighboring landowners never possessed or occupied the disputed land and that it misquoted the neighbor's testimony in its decision. We conclude that the court's misstatement was harmless. *See* M.R. Civ. P. 61. Although the Estate argues that the evidence in the record demonstrates that the neighbors used the disputed land in conducting a survey in 1959 and occupying a house in the northwest corner, the court's judgment relied instead on the neighbors' failure to provide a clear marker of what land they claimed *after the Lloyds' purchase* in January 2000. *See Mulready v. Bd. of Real Estate Appraisers*, 2009 ME 135, ¶ 20, 984 A.2d 1285 (holding that where an erroneous finding is not a basis for the court's opinion and the court supports its judgment with other sufficient evidence, the error is harmless).

[¶ 5] Finally, the Estate argues that the court erred in awarding damages in the amount agreed to by the parties in a

stipulated judgment because we vacated that judgment in 2010. *See Lloyd v. Estate of Robbins,* 2010 ME 59, ¶ 24, 997 A.2d 733. The court did not abuse its discretion, however, because the Estate failed to present any evidence that the stipulated damages were manifestly unjust and should be set aside. *See MP Assocs. v. Liberty,* 2001 ME 22, ¶ 29, 771 A.2d 1040 ("A stipulation should be adhered to unless it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties or where it becomes evident that the agreement was made under a clear mistake." (quotation marks omitted)).

The entry is:

Judgment affirmed.