## Hacker vs. Storer & al.

The grantee in a deed of conveyance brought an action of covenant against a re-
mote grantor, alleging a breach of the covenants of seisin in fee, and good right
to convey, as well as of the covenant of warranty. To which the defendant
pleaded, admitting that he had no right to convey, at the time of conveyance,
and that his immediate grantee, under whom the plaintiff claimed, took nothing
by the deed. The plaintiff replied that the defendant was seised in fact at the
time of the conveyance, though not in fee and of right; and that such seisin
passed by the deed to his immediate grantee; which was traversed, and issue
taken thereon.

It was held that under this issue no evidence was admissible to prove a breach of
the covenant of warranty; and that the plaintiff could not recover on the other
covenants, in his own name, as assignee, against his own allegation that they
were broken as soon as made.

THIS was an action of covenant, in which the plaintiff declared
upon the covenants in two deeds of conveyance, with general war-
ranty in the usual form, made *May* 11, 1825; by which the de-
fendants conveyed certain real estates in *Kennebunk* to one *Jesse
Varney*, from whom by certain mesne conveyances, title deeds had
passed to the plaintiff, who claimed as assignee of the covenants de-
clared on. The first tract was described as lying on the east side
of *Mousum* river, bounded by the bank of the river, by the post
road, and by the lands of divers persons therein named; and con-
taining eighty eight acres and one hundred and seventeen rods, ex-
clusive of " a town road which was originally granted from said
post road and adjoining the original bank of said river, to the land-
ing ;" together with some other exceptions. The second tract was
part of a mill lot with the grist mill thereon, standing on the east
side of the same river, near the bridge, and adjoining the road.

In each of the two counts the plaintiff alleged a breach of the
covenants of seisin in fee, freedom from incumbrances, and good
right to sell and convey, in each of the deeds of the defendants, as
committed at the time of making the deeds. In the first count he
also alleged a subsequent breach of the warranty, in an eviction of

himself from half of the grist mill by one *George Lord*, under a writ of *habere facias possessionem;* and in the second he alleged a similar breach, by an ouster of himself from all the premises by certain persons named, under an elder and better title.

The defendants pleaded, first, *non est factum ;* and secondly, a general performance of the covenants ; on both which issues were joined to the country. Thirdly, that as the second tract, and so much of the first tract as lies eastwardly of the town road mentioned as running along the bank of the river, they were lawfully seised in fee thereof by a good and indefeasible title, at the time of making the deeds, by virtue of which the same seisin and title passed to *Varney*, their grantee ; and that as to the residue, (meaning the parcel between the road and the thread of the river,) they had no right or title to the same at the time of making the deeds, and that *Varney* thereby took nothing. To this the plaintiff replied that as to this residue, at the time of making the deeds, the defendants were seised in fact, though not in fee and right ; and that *Varney* entered under his deeds, and thereby acquired the same seisin. The defendants rejoined by a traverse of this alleged seisin in fact, tendering an issue to the country, which was joined.

At the trial, before the Chief Justice, it was admitted that the only question between the parties was whether the defendants were seised in fact of the whole grist mill and privileges, and of the eastern half of *Mousum* river, to the middle of the channel, at the time of the grant to *Varney*. The plaintiff proved that the eighty eight acre lot was never occupied home to the river the whole distance ; that the road was always fenced and kept open a part of the way down to the landing ; and that the residue was inclosed in common with the defendants' pasture, by an arrangement made between them and the selectmen of the town ; that the defendants ran their fence to the river to prevent their cattle from escaping ; that the opposite or western bank of the river was owned by one *Gilpatrick*, who kept a fence on the bank, through which the cattle of the defendants, crossing the river, broke and entered in the year 1824 ; whereupon the defendants directed their tenant, with the consent of *Gilpatrick*, to repair his fence, which was done. There was some

evidence offered to prove a seisin in fact of the whole grist mill lot; but it was only hearsay, and of the most shadowy character.

The plaintiff also offered in evidence a copy of the judgment recovered by *George Lord* against him for half of the grist mill; which the Chief Justice rejected as irrelevant to the issue. He also offered proof of his damages, which the Chief Justice also rejected; and directed a nonsuit; being of opinion that the evidence was insufficient to prove a seisin in fact as alleged in the replication; and that therefore no estate in the residue in question passed to *Varney* by the deeds. The nonsuit was entered subject to the opinion of the Court upon its propriety, and upon the ruling of the Chief Justice at the trial.

*N. Emery* and *Hussey*, for the plaintiff, cited *Wyman v. Ballard*, 12 *Mass.* 304; *Sprague v. Barker*, 17 *Mass.* 586; *Cutts v. Spring*, 15 *Mass.* 135; 7 *D. & E.* 537; *Brimmer v. The Prop'rs. of Long Wharf*, 5 *Pick.* 135; *Lunt v. Holland*, 14 *Mass.* 149; *Hatch v. Dwight*, 17 *Mass.* 289; *Kennebec Prop'rs. v. Springer*, 4 *Mass.* 416; *Boston Mill Corp. v. Bulfinch*, 6 *Mass.* 229; *Little v. Palister*, 3 *Greenl.* 6; *Hamilton v. Cutts*, 4 *Mass.* 349; *Hall v. Leonard*, 1 *Pick.* 27; *Wilkinson v. Scott*, 17 *Mass.* 249; *Fisher v. Dunning*, 1 *Hen. & Munf.* 563; *Backus v. McCoy*, 3 *Ohio Rep.* 218.

*Dane* and *E. Shepley*, for the defendants, cited *Peaceable v. Reed*, 1 *East.* 568; *Doe v. Prosser, Cowp.* 217; 3 *Dane* 478; 6 *Mass.* 229; 4 *Mass.* 416; *Commonwealth v. Dudley*, 10 *Mass.* 403; *Cushman v. Blanchard*, 2 *Greenl.* 266; *Langdon v. Potter*, 3 *Mass.* 219; *Codman v. Winslow*, 10 *Mass.* 251; *Newhall v. Wheeler*, 7 *Mass.* 199; *Pray v. Pierce*, 7 *Mass.* 381; *Tufts v. Adams*, 8 *Pick.* 549.

PARRIS J. delivered the opinion of the Court.

The first question presented by the report is as to the proof of the defendants' seisin of that portion of the premises described in their third plea.

Upon this point the only proof that was introduced came from the

plaintiff; by which it appeared that the defendants owned and occupied a lot bounded by a fence which separated it from a road running on the easterly bank of *Mousum* river. Who owned the fee in the land occupied as a road, does not appear. The case shows that the defendants did not claim it. They were bounded by the line of the road farthest from the river, and there was no proof of any occupancy or possession by them west of their line, excepting that a part of the road was for a time inclosed in common with the pasture, by arrangement between the defendants and the selectmen of the town. This and the repairing *Gilpatrick's* fence on the westerly bank of the river is far from proof of an appropriation or possession of the water privilege or any part of the river or the shore thereof. We see nothing in the evidence reported which looks like a seisin in fact by the defendants or any intention to occupy and improve the whole grist mill and privilege, and the eastern half of *Mousum* river to the channel at the time of making their deeds to *Varney.*

The next question is upon the admissibility of the rejected evidence. The plaintiff offered to prove an eviction by paramount title, to support the allegation of breach of the covenant of warranty, and also to prove the damages which he had sustained by reason of such breach. Such proof would have been relevant if he had succeeded in proving the defendants' seisin of the premises at the time of the execution of the deed; but failing to do this, the case left him nothing on which the covenant of warranty could operate. No land had passed by virtue of the deed, and consequently there was nothing to be defended.

Was the nonsuit properly ordered? Where the plaintiff does not set forth a good ground of action, the defendant is not bound to answer. So where the plaintiff wholly fails to prove his material allegations the defendant is not put to his proof but may call for a nonsuit. Where there is contradictory testimony it is the exclusive province of the jury to settle the facts. What was there to be settled by a jury in this case? As the issue was made up, it was incumbent on the plaintiff to prove that the defendants were seised in fact as he alleged. He did prove certain facts which were not de-

nied by the defendants. Whether those facts amounted to seisin was a question for the Court. The Judge ruled at the trial, and we think correctly, that they did not show a seisin in fact by the defendants, and of course they could not be required to defend further on the alleged breach of the covenant of warranty.

As to the covenants of seisin and good right to sell and convey, the plaintiff, as assignee had no such interest in them as could enable him to maintain an action in his own name for their breach. They were broken at the time of executing the deed to *Varney*, and the right to recover damages for their breach vested immediately in him, and could not be assigned so as to enable the assignee to maintain an action for their breach in his own name. This doctrine is supported by the uniform current of American authorities; and is too well settled here to be shaken by the recent decisions to the contrary in England.

The declaration and pleadings, in this case, present the litigating parties in somewhat of a novel situation. The plaintiff in alleging a breach of the covenant of seisin, and of good right to sell and convey, virtually alleges that the defendants were not seised in fact, for if so seised, whether by right or wrong, it would be sufficient to support these covenants. They are negatived in the declaration, that is, the declaration virtually alleges that the defendants were not seised in fact, and had not good right to sell and convey. The defendants, by their plea, admit that they had no such right. To this the plaintiff replies directly against the legal effect of his allegation in the declaration, that the defendants were seised in fact; and the defendants rejoin that they were not so seised. The result of these pleadings is such, that when the issue is formed, the plaintiff is in effect denying his own allegation, and the defendants admit it. The settled rule of pleading is that the replication must not depart from the allegations set out in the declaration, in any material matter, and the reason given for it is, that if parties were permitted to wander from fact to fact, and to supply a new cause of action as often as the defendant should interpose a legal bar to that which the plaintiff first set out, it would lead to endless prolixity.

If the covenants of seisin, and good right to sell and convey have been broken, as the plaintiff alleges in his declaration, they were broken at the time of the execution of the deed to *Varney*, and if so, no estate or interest passed to him or his assignees to which the covenant of warranty could be annexed. That covenant runs with the land conveyed, and descends to heirs, and vests in assignees with the land, whenever that passes. But when the covenant of seisin is broken, nothing passes by the deed, and, the *substratum* having failed, the covenant of warranty cannot descend to the heir, or vest in the assignee. It cannot run with the land, for none having been conveyed there is none for it to run with.

It is therefore manifest that if the defendants were not seised and had no right to sell and convey when they executed the deed, as the plaintiff alleges in his declaration, their covenant of warranty does not vest in the plaintiff as *Varney's* assignee. That being the case, the plaintiff, by his own showing, has no cause of action for breach of the covenant of warranty, for in the same count in which he alleges a breach of that covenant he also alleges a breach of the covenants of seisin and good right to convey, and the defendant admits it.

*Motion to take off the nonsuit denied.*