## COUNTY OF OXFORD.

### STOWELL *versus* BENNETT.

In a suit upon the covenant of freedom from incumbrance, contained in a deed conveying real estate, nominal damages only will be recovered, unless the incumbrance have been discharged, although the plaintiff has yielded to an entry and possession by the incumbrancer.

ON FACTS AGREED.

COVENANT BROKEN.

This action is brought upon the defendant's covenant of

freedom from incumbrances contained in a deed conveying real estate. The deed was made by the defendant to one D. P. S., by whom the premises were conveyed to the plaintiff. At the time of the conveyance, there was an outstanding mortgage upon a portion of the estate. The debt, then due upon the mortgage, is still unpaid.

The mortgage was assigned to one Dewey, who entered upon the land, and took from it a quantity of timber, and paid several years' taxes. The value of the timber, however, was insufficient to pay the interest upon the note.

The plaintiff seasonably filed in Court, *for the use of D. P S.,* a release of *his* covenants in the deed.

The case was submitted to the Court for a nonsuit or default, according to legal rights, with power to assess damages, if the occasion should require.

*J. Goodenow,* for the plaintiff.

The acts of Dewey constituted an eviction of the plaintiff. He still holds the land by a paramount title. To support this suit, it is not necessary to show a foreclosure of the mortgage. The plaintiff might voluntarily submit to an entry under an older and better title.

The damage to which the plaintiff is entitled is either the consideration money paid to the defendant or at least that paid by the plaintiff to his own grantor. *St. John* v. *Palmer,* 4 Hill, 643; *Chapel* v. *Bull,* 17 Mass. 213.

*Whitman,* for the defendant.

Howard, J. — When the defendant conveyed to the grantor of the plaintiff, there was an outstanding mortgage upon a portion of the premises, which constituted a breach of his covenants against incumbrances. The plaintiff has succeeded to the rights of his grantor, in respect to the covenants, and having duly filed a release for his use, may maintain this action. R. S. c. 115, § 16.

The paramount right of the mortgagee may ripen into an absolute title, or it may be extinguished before an entry to foreclose, or before foreclosure. But it still exists as an in-

cumbrance only, to be discharged, or to become an unconditional estate, and operate as a breach of the covenants of warranty, as may be determined by subsequent events. The plaintiff having neither purchased it, nor discharged the mortgage, can have judgment for only nominal damages. *Bean* v. *Mayo*, 5 Maine, 94; *Randall* v. *Mallett*, 14 Maine, 51; *Prescott* v. *Turner*, 4 Mass. 627; *Delavergne* v. *Norris*, 7 Johns. 358; *Stanard* v. *Eldridge*, 16 Johns. 254; 2 Greenl. Ev. § 242.

SHEPLEY, C. J., TENNEY, WELLS and APPLETON, J. J. concurred. *Defendant defaulted.*