## NATHAN LAMB *vs.* WALDO DANFORTH.

*Covenant broken — tenants in common need not join in. Covenant — breach of.*

Tenants in common, holding under the same deed as grantees, have several free-holds, and are not obliged to join in an action against their grantor for a breach of the covenants of warranty in his deed. •

In 1865, the defendant conveyed to the plaintiff, by deed of warranty, certain lands, a portion of which lay on the shore of a certain stream. In 1849, the defendant's predecessor in title had conveyed to a third person, who thereupon took and kept possession of a portion of the same premises, together with certain easements in the other portion, such as a right of way, to maintain a dam, and to use the shores for certain specified purposes. In an action of covenant broken, *Held,* That the covenant of seisin in the latter deed, so far as the previously conveyed premises were concerned, was broken at the date of the deed; and that the outstanding easements constituted a breach of the covenants of warranty.

ON REPORT.

COVENANT BROKEN. Writ dated March 11, 1870.

On the 12th December, A. D. 1865, the defendant, by his deed of warranty with the usual covenants, conveyed to the plaintiff and one John Lamb certain real estate therein described, situate in the town of Argyle, in this county.

On the 11th October, A. D. 1849, Stephen Danforth, jr., father of the defendant and from whom the defendant derives title, by his deed of warranty of that date, duly executed, delivered, acknowledged, and recorded, conveyed to one Dow and others, certain land situate in said Argyle, comprising mills, dams, etc., and being a portion of the premises included in the deed from the defendant to the plaintiff and Lamb of 12th December. The deed of 11th October contained the following clause :

" Also the right to use a strip of land three rods in width on the westerly side of said stream, extending back from the line of high-water along the whole length of 'said lot hereby conveyed, for any and all purposes connected with said mills or any other saw-mills that may be erected on said privilege, with the right to build and

maintain any dam or dams of any desired height across said stream, for the use and accommodation of said mills so far as I am interested in any lands affected thereby. Also the right to use said brook and the shores thereof between the lines of high-water on the sides of said stream, so far as my land extends above and below said mills to the mouth of the stream, for the purpose of stopping, running, or landing logs, masts, spars, or lumber, and passing to and fro for the purpose of driving or otherwise removing or securing the same, together with the right to pile bark on the banks of said stream, on the north side thereof, and of using the bank of the river south of said stream, except the part now used as garden in front of and north of the house, for the purpose of landing goods, piling lumber, loading, or rafting lumber, and for any other purposes connected with said mills and the carrying on the business thereof. Also the right of way over a strip of land two rods in width, extending from said mills to the river where the way is now located and used, with a convenient right of way to haul bark, lumber, and other articles to the place already designated for depositing or piling the same."

Immediately after this conveyance to Dow and others, they went into possession of the mills and other property conveyed to them, and have ever since, by themselves and those claiming under them, owned and occupied and improved the same, together with the easements described in the deed to them. When the defendant conveyed to the plaintiff and Lamb, he had no title, interest, or possession of the mills, etc., conveyed to Dow and others, nor was any consideration paid for the mills and privilege.

At the time of the commencement of this action, Lamb was and is now living with the plaintiff, undisturbed, on the premises conveyed to them by the defendant, excepting the premises conveyed to Dow and others.

If maintainable, the action to stand for trial.

*Sewall & Blanchard*, for the plaintiff.

*J. H. Hilliard*, for the defendant.

APPLETON, C. J.   On the 12th December, 1865, the defendant, by his deed of warranty conveyed. to the plaintiff and one John Lamb certain real estate in Argyle.   To a portion of the premises the grantor had neither title nor possession.   The premises conveyed were subject to certain easements, such as a right of way, the right to maintain a dam, to use the shores, etc.

The deed to the plaintiff and John Lamb was to them as tenants in common.   But tenants in common have several freeholds and are not obliged to join in an action against their grantor for a breach of the covenants of warranty in his deed.   *Swett* v. *Patrick*, 11 Maine, 179 ; Hammond on Parties, 29 ; R. S. c. 104, § 9.

A public road is an easement the existence of which, over a lot of land conveyed by deed, with covenants of warranty, is a breach of those covenants.   *Haynes* v. *Young*, 36 Maine, 557.   So is a private right of way.   *Harlow* v. *Thomas*, 15 Pick. 66.   In *Giles* v. *Dugro*, 1 Duer, 334, the defendant assigned a lease, covenanting therein that it was free and clear of all former grants, bargains, and incumbrances whatsoever.   A prior grant of a privilege of the use of a wall on the premises, as a party-wall, was held a breach of the covenant.   The former grant created a paramount right to the extent of the interest granted.   So here, as to the easements previously granted by deed upon the plaintiff's land.

The plaintiff is in possession of the land over which easements had been previously granted.   The exercise of those rights by a stranger having a paramount title is a disturbance, or interruption of the plaintiff's quiet enjoyment of the premises conveyed.   *Sprague* v. *Baker*, 17 Mass. 586.   The defendant conveyed the plaintiff a tract of, and having a spring thereon with covenants of seizure and warranty.   Prior to this he had conveyed to another the right to the water of the spring and of drawing it away by an aqueduct to his premises.   It was held that here was a breach of the covenant of warranty.   *Clark* v. *Conroe*, 38 Vt. 469.   So in this case the outstanding easements prevent the plaintiffs having a clear title to the land deeded.   The covenant of seisin, so far as relates to the land

previously conveyed to Wm. H. Dow, was likewise broken at the date of the deed.

There is a breach of the covenants of the defendant's deed, and by the agreement of parties the case is to stand for trial.

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.