JAMES F. HOLMES *vs.* A. B. DANFORTH.

Kennebec.    Opinion January 2, 1891.

*Deed.    Covenant.    Incumbrance.    Way.*

When land conveyed, by deed with covenant of warranty against incumbrances, is bounded by the center of a public road, and is so described in the deed, so that knowledge of the fact is brought home to the grantee, without resort to oral or other extraneous evidence, he must accept the land *cum onere,* and can not complain of that incumbrance as a breach of the covenant in his deed.

ON EXCEPTIONS.

The plaintiff excepted to the ruling of the Superior Court, for Kennebec County, in sustaining the defendant's demurrer to the following declaration :

"In a plea of covenant broken ; for that the said defendant on the eleventh day of January, A. D., 1887, at Albion in said county, by his deed of that date, duly executed, acknowledged, recorded, and in court to be produced, in consideration of the sum of seventy-five dollars, paid him by the plaintiff, conveyed unto the plaintiff a certain lot or parcel of land situated in said Albion, bounded and described as follows, to wit : On the north, by the town road leading from Wellington's corner to Drake's corner ; east, by land of B. F. Abbott ; south and west, by land of the defendant ; containing one half acre from the centre of said road, and is to be ten rods south from said road, and eight rods on said road — 8x10 rods from the centre of said road.

"To hold to him and his heirs ; and the said defendant, did therein, among other things, covenant with the plaintiff, that said lot or parcel of land was free of all incumbrances.

"Now the plaintiff in fact says, that at the time of making and executing said deed, the said bargained premises were not free from incumbrances, but on the contrary, before the making of said deed, for a long time, there had been, and then was, and ever since hath been, a public road running through, over, and across said land, to the use of which road the public generally had at that time acquired, and have continued to exercise, this right, which the defendant is unable to prevent ; which said public road is the southerly half of the town road named in said

deed—to wit: said southerly half of said road being eight rods long, two rods wide."

*E. F. and A. Webb*, for plaintiff.

Plaintiff's knowledge of the existence of the highway does not preclude a recovery for breach of covenant against incumbrance, however it may be for a breach of the covenant of seizin. *Kellogg* v. *Malin*, 50 Mo. 496, (S. C. 11 Am. Rep. 426,) approving *Kellogg* v. *Ingersoll*, 2 Mass. 101, that a public highway does constitute a breach of the covenant against incumbrances. *Harlow* v. *Thomas*, 11 Pick. 66; *Townsend* v. *Weld*, 8 Mass. 146.

A public road is an easement, for the existence of which over a part of a lot of land conveyed by deed with covenants of warranty, is a breach of those covenants. *Haines* v. *Young*, 36 Maine, 557; *Lamb* v. *Danforth*, 59 *Id*. 322. So is a mere location of a road. *Herrick* v. *Moore*, 19 Maine, 313. Deed covers all title, and covenants against incumbrances. The land was at the time subject to the easement of the highway.

*A. M. Goddard*, for defendant.

There is no grant of land included in the road inconsistent with or adverse to the public easement of the highway. The grant of the land included in the road, is expressly, or by sufficiently strong and clear implication, made subject to the easement. The covenant being thus qualified and limited in effect, does not enlarge the grant. *Coe* v. *Pers. Unknown*, 43 Maine, 432; *Bates* v. *Foster*, 59 *Id*. 157; *Stinchfield* v. *Gerry*, 64 *Id*. 200. Counsel also cited: *Oxton* v. *Groves*, 68 Maine, 371; *Nobleboro* v. *Clark*, *Id*. 87; *Abbott* v. *Abbott*, 51 *Id*. 575; *Pike* v. *Munroe*, 36 *Id*. 309; *Webber* v. *Overlock*, 66 *Id*. 177.

WALTON, J. This action is for an alleged breach of a covenant against incumbrances in a deed of land. The deed describes the land as bounded on the north by the centre of a town road; and inasmuch as this description renders the fact certain that one half of the width of the road must be on the land conveyed to him, the plaintiff claims that the existence of this road is a

breach of the covenant against incumbrances contained in his deed. In other words, he claims that the deed itself, by its covenants and its recitals, secured to him an immediate right of action to recover back the whole, or a portion at least, of the consideration paid for the land.

We think this can not be. We think that when the deed itself, by which land is conveyed, describes it as bounded on one side by the centre of a public road, the right of way is impliedly reserved. That such must have been the intention of the parties no one can doubt. The effect of such a description is the same as if so much of the interest in the land as is included in the right of way had been excluded from the conveyance; and the covenants apply only to the residue of the estate. That is, the interest covered by the incumbrance was not conveyed, and does not purport to have been conveyed, and the covenants do not apply to it.

Thus, in *Freeman* v. *Foster*, 55 Maine, 510, where land was conveyed subject to a mortgage, and it was contended that notwithstanding the mortgage was thus mentioned in the deed, it constituted a breach of the covenant against incumbrances, the court held that " the interest covered by the mortgage was not conveyed," and that the covenant against incumbrances did not apply to that incumbrance.

So, as held in *Montgomery* v. *Reed*, 69 Maine, 510; if the land conveyed is described as " flats," this term alone implies that the public have a right to use the land for the purposes of navigation, and the existence of the right is not a breach of the covenant against incumbrances.

So, in *Prescott* v. *Williams*, 5 Met. 429, where the estate conveyed was described as land through which the water from a mill passed, the court held that the right of the mill owner to enter upon the land and cleanse the channel of the stream was implied, and would not constitute a breach of the covenant against incumbrances.

The principle on which these and many other similar decisions rest is that, when the estate conveyed is so described that the parties must have understood that it was subject to a

servitude, the grantee takes it *cum onere*, and will not be allowed to complain of that servitude as a breach of the covenants in his deed. In all such cases the conclusion is irresistible that, if the incumbrance was a damage to the estate, that fact was taken into account in fixing the price; and that the grantee has obtained all that he bargained for and all that he paid for.

In defining the term *cum onere* in Bouvier's Law Dictionary, it is said that "a purchaser with knowledge of an incumbrance takes the property *cum onere*." And the law seems to be so held in Pennsylvania. In a recent case in that state (*Memmert v. McKeen*, 112 Pa. St. 315), the court held that one who purchases a house-lot, upon which steps leading into a building on the adjoining lot are standing, is presumed to have assented to the price in view of a continuance of the steps upon his land, and will not be allowed to complain of them as the breach of a covenant against incumbrances. And the law seems to be so held in some other states.

But we do not go so far as that. We do not hold that oral evidence of the grantee's knowledge is admissible to control the covenants in his deed. But we hold that when land conveyed is bounded by the centre of a public road, *and is so described in the grantee's deed*, so that knowledge of the fact is brought home to him without resort to oral or other extraneous evidence, he must accept the land *cum onere*; and will not be allowed to complain of that incumbrance as a breach of the covenants in his deed. To that extent we consider the rule just and reasonable and well settled by authority.

<em>Exceptions overruled. Judgment for defendant.</em>

PETERS, C. J., VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.