100 551
f102 41

WILLIAM H. GLOVER et al.,

*vs.*

CLARA E. O'BRIÈN AND TRUSTEE.

Knox. Opinion December 11, 1905.

*Pleading. Covenant Broken. Declaration. What Declaration Must Allege.*
*Assignment of Breaches. Plaintiff Bound by Assignment in Declaration.*
*When an Assignment is Necessary. When not Necessary.*
*R. S., c. 75, § 11.*

It is a well settled general rule respecting the assignment of breaches of covenants, that the plaintiff may allege the breaches generally by simply negativing the words of the covenant, but the exception to this rule is equally well recognized that when such a general assignment does not clearly and necessarily show a breach, special averments are required.

The covenant against incumbrances and that of general warranty comes within the exception, and breaches of those covenants must be specifically set forth, showing, in the case of the former, the nature of the incumbrance complained of and in case of the latter a disturbance of title or possession by a paramount title equivalent to an eviction.

In the case at bar, the covenant that the defendant was lawfully seized in fee of the premises, and the covenant that she had good right to sell and convey the same to the plaintiffs, fall within the rule, and it was only

incumbent upon the plaintiffs to negative the words of the covenants. But the plaintiffs were not content to rely upon such a general assignment of the breaches of these covenants but supplemented it with a specification of the grounds upon which they relied to establish the breach of these covenants, and having elected to do so, they are confined to the ground stated in the specification, and the defendant would be warranted in relying upon the facts thus stated in the specification as the only cause relied upon by the plaintiffs.

The specification in this case sets forth that the defendant before the date of her deed to the plaintiffs by her deed "duly sealed, executed and acknowledged did convey said premises to one Charles Steere of Boston, Massachusetts, and did convey and part with the title, which she, before the deed to said Steere held and possessed in the premises, and that before making her deed to the plaintiffs with the covenants aforesaid, she was not the owner of and had no right to convey said premises." This specification does not allege that the prior deed was either delivered or recorded.

*Held:* (1). That although all the facts stated in the specification may be true yet if it does not necessarily follow that either of the covenants has been broken, the assignment of breaches is not sufficient.

(2). Assuming that the averment of a conveyance by necessary implication includes a delivery, still the specification is defective because it does not allege that the deed to Steere was recorded.

(3). All that is stated in the specification may be true and yet the plaintiffs may have received a good title, and it does not appear either by express words or necessary implication that any covenant had been broken.

(4). If this specification could be construed to apply also to the general covenant of warranty, it would be equally unavailing. If it does not apply to this covenant there is no specification of the breach of it.

(5). Neither does the declaration specify the nature of the incumbrance alleged to constitute a breach of the covenants against incumbrances, therefore the breaches of these last named covenants are not well assigned.

On exceptions by defendant. Sustained.

Action of debt on an alleged breach of covenant of warranty in a deed of land under seal. At the return term of the writ in this action, the defendant filed a general demurrer to the writ and declaration, which demurrer was joined by the plaintiffs, and heard at a subsequent term. The demurrer was overruled, and thereupon the defendant excepted.

The case appears in the opinion.

*C. E. & A. S. Littlefield,* for plaintiffs.

*D. N. Mortland,* for defendant and trustee.

SITTING: EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WHITEHOUSE, J. The plaintiffs declared in a plea of debt that the defendant conveyed to them a certain piece of land by deed of warranty, and "did therein covenant with the plaintiffs, their heirs and assigns, that she was lawfully seized in fee of the premises; that they were free from all incumbrances; and that she had good right to sell and convey the same to the plaintiffs to hold as aforesaid; and did also covenant that she and her heirs would warrant and defend the same to the plaintiffs, their heirs and assigns, against the lawful claims and demands of all persons.

"But the plaintiffs aver that in fact at the time of making and executing said deed the said defendant was not seized in fee of the premises; that they were not free from all incumbrances, and that she did not have good right to sell and convey the same as in her said deed set forth, and that she has not made good her covenant to warrant and defend the same to the plaintiffs against the lawful claims and demands of all persons. But the plaintiffs aver that the said Clara E. O'Brien before that time, viz. on the thirtieth day of April 1884, by her deed of that date on that day duly sealed, executed and acknowledged did convey said premises to one Charles Steere of Boston, Massachusetts, and did convey and part with the title, which she, before the deed to said Steere held and possessed in said premises, and that before making her deed to the plaintiffs with the covenants aforesaid, she was not the owner of and had no right to convey said premises. And so the said Clara E. O'Brien, her covenant aforesaid hath not kept, but hath broken the same; to the damage of the said plaintiffs (as they say), the sum of eight hundred dollars."

To this declaration the defendant filed a general demurrer which was joined by the plaintiffs. The presiding Judge overruled the demurrer, and the case comes to the law court on exceptions to this ruling.

In support of the demurrer the defendant contends in the first place that inasmuch as the distinguishing feature of the action of debt is the fact that it lies for the recovery of money or its equivalent, in sums certain or that can readily be made certain by computation, if

this action is to be deemed one of debt the declaration is wholly insufficient for want of any allegation of an agreement on the part of the defendant to pay any such sum, or of any failure on his part to pay money. Again it is insisted, that if, as the substance of the averments indicates it was intended as an action for covenant broken, it is demurrable, first, because the defendant is summoned to answer in a plea of debt and not of covenant broken, and second because the action is fatally defective for want of a proper and necessary assignment of the breaches of the covenants.

Whether the objection that the plaintiffs declared in a plea of debt instead of covenant broken is open to the defendant upon a general demurrer or can be taken advantage of only by special demurrer, it is unnecessary to determine, for it is the opinion of the court that considered as an action for covenant broken, the declaration does not contain a sufficient allegation of a breach of any of the covenants declared upon.

It is undoubtedly a well settled general rule respecting the assignment of breaches of covenants, that the plaintiff may allege the breaches generally by simply negativing the words of the covenant, but the exception to this rule is equally well recognized that when such a general assignment does not clearly and necessarily show a breach, special averments are required. In *Marston* v. *Hobbs*, 2 Mass. 433, cited with approval, in *Wait* v. *Maxwell*, 4 Pick. 87, and *Blanchard* v. *Hoxie*, 34 Maine, 376, the different covenants are critically distinguished and the reasons for the rule and the exceptions above stated, fully considered and explained. According to the doctrine there laid down, the covenant against incumbrances and that of general warranty come within the exception and breaches of those covenants must be specifically set forth, showing, in the case of the former, the nature of the incumbrance complained of and in case of the latter a disturbance of title or possession by a paramount title, equivalent to an eviction.

On the other hand the covenant that the defendant was lawfully seized in fee of the premises, and the covenant that she had good right to sell and convey the same to the plaintiffs, fall within the rule, and it was only incumbent upon the plaintiffs to negative the words

of the covenants.   But it has been seen that the plaintiffs were not content to rely upon such a general assignment of the breaches of these covenants but supplemented it with a specification of the grounds upon which they relied to establish the breach of them.

Their declaration proceeds as with a videlicet to state the particular facts constituting the breach.   It avers that the defendant before the date of her deed to the plaintiffs "by a deed" duly sealed, executed and acknowledged, "did convey said premises to one Charles Steere of Boston and did convey and part with the title" which she held in the premises and that before making her deed to the plaintiffs "she was not the owner and had no right to convey said premises."

The plaintiffs were not compelled by the rules of pleading to specify the cause of the breach of these covenants but having elected to do so, they are confined to the ground stated in the specification, and the defendant would be warranted in relying upon the facts thus stated in the specification as the only cause relied upon by the plaintiffs.   If therefore the facts stated in the specification may all be true and still it does not necessarily follow that either of these covenants has been broken, the assignment of breaches is not sufficient.   5 Ency. of Plead. & Pr., 369, and cases cited.   It will be noticed that the specification does not state that the prior deed was either delivered or recorded.   It does allege, however, that the defendant "did convey the premises to one Charles Steere" etc.   Assuming that the deed could not operate as a conveyance of the title to Steere without a delivery, and that the averment of the conveyance by necessary implication includes a delivery, still the specification is defective for the reason that it does not allege that the deed to Steere was recorded. It is provided by Rev. Statutes, ch. 75, section 11, that "No conveyance of an estate in fee simple, fee tail, or for life or lease for more than seven years, is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof, unless the deed is recorded as herein provided."   All that is stated in the plaintiffs' specification may therefore be true and yet the plaintiffs may have received a good title, and it would not appear either by express words or necessary implication that any covenant had been broken.   If this specification could be construed to apply also to the

general covenant of warranty, it would be equally unavailing. If it does not apply to this covenant there is no specification of the breach of it. Neither, does the declaration specify the nature of the incumbrance alleged to constitute a breach of the covenant against incumbrances. The breaches of these last named covenants are therefore not well assigned, and the entry must be,

*Exceptions sustained. Demurrer sustained.*