2012 ME 20

**Christopher J. McCORMICK**

v.

**Lawrence CRANE.**

Supreme Judicial Court of Maine.

Argued: Oct. 12, 2011.

Decided: Feb. 28, 2012.

Peter J. Brann, Esq. (orally), and Anne M. Torregrossa, Esq., Brann & Isaacson, Lewiston, for appellant Christopher J. McCormick.

Christian T. Chandler, Esq. (orally), Curtis Thaxter LLC, Portland, for appellee Lawrence Crane.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1]  Christopher J. McCormick appeals from a judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) dismissing McCormick's complaint alleging a breach of warranty arising from a 2001 deed of oceanfront property to McCormick from Lawrence Crane and his wife, Margaret M. Crane.[1]  McCormick contends that he adequately pleaded a claim that Crane breached a warranty by misrepresenting the location of an ease-

---

1.  Margaret M. Crane is now deceased.

ment in the deed to McCormick. We affirm the court's dismissal of McCormick's complaint.

## I. BACKGROUND

[¶ 2] On May 27, 2010, McCormick filed a complaint against Crane alleging breach of warranty because the warranty deed by which Crane and his wife conveyed oceanfront property in Cumberland to McCormick inaccurately specified the location of an easement across the land.[2] The deed, executed on August 2, 2001, stated that the property was "conveyed subject to ... [t]he rights of others in common with Grantee and the Grantors, their heirs and assigns, in and to a 'Trail to Ocean' as shown on [a] Plan which is set forth in various deeds recorded in Cumberland County Registry of Deeds in Book 2467, Page 328, Book 2693, Page 82, Book 3515, Page 166, and Book 7613, Page 91, respectively." The referenced Plan, entitled "Plan for a Private Way, Deans Way, prepared for Dr. Lawrence Crane, 26 Deans Way, Cumberland, Maine," was recorded in the Cumberland County Registry of Deeds.

[¶ 3] Crane moved to dismiss McCormick's claim pursuant to M.R. Civ. P. 12(b)(6) and attached copies of deeds demonstrating that each book and page reference provided in the Crane-to-McCormick deed referred to a deed describing the easement as "the traveled way as it now exists," subject to relocation by Margaret M. Crane, her heirs or assigns. According to McCormick's complaint, the traveled way in existence differed from the depiction of the "Trail to Ocean" on the Plan referenced in the Crane-to-McCormick deed.

[¶ 4] After holding a hearing, the court granted Crane's motion to dismiss for failure to state a claim. McCormick timely appealed from this judgment.

## II. DISCUSSION

[¶ 5] We review de novo the legal sufficiency of a complaint when it has been challenged by a motion to dismiss. *Johnston v. Me. Energy Recovery Co.*, 2010 ME 52, ¶ 10, 997 A.2d 741; *see* M.R. Civ. P. 12(b)(6). In doing so, we view the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Johnston*, 2010 ME 52, ¶ 10, 997 A.2d 741 (quotation marks omitted).

[¶ 6] McCormick alleges a breach of the warranties contained in the Cranes' warranty deed. A grantor makes certain specific promises in a warranty deed:

> that, at the time of the delivery of such deed, he was lawfully seized in fee of the premises, that they were free of all encumbrances, that he had good right to sell and convey the same to the grantee to hold as aforesaid, and that he and his heirs shall and will warrant and defend the same to the grantee, his heirs and assigns forever, against the lawful claims and demands of all persons.

33 M.R.S. § 763 (2011) (Short Form Deeds Act). The covenant of seisin, the covenant of the right to convey, the covenant of warranty, the covenant of quiet enjoyment, and the warranty of freedom from encumbrances accompany every warranty deed

---

2. McCormick had already unsuccessfully sought a declaration that the easement over his property was in the location depicted on a plan referenced in the deed that he received from the Cranes, rather than the location

where the traveled way existed at the time of conveyance. *McCormick v. LaChance*, 2010 WL 1943725, 2010 Me.Super. LEXIS 16 (Feb. 26, 2010), *aff'd after reconsideration*, 2011 ME 112, 32 A.3d 1037.

executed in conformity with this statute. *Id.* At issue here are the covenant of warranty and the warranty of freedom from encumbrances.

A. Covenant of Warranty

▇▇ [¶ 7] By making a covenant of warranty, which is generally considered along with the covenant of quiet enjoyment, a grantor promises to "warrant and defend the premises against all lawful claims by third persons." *Lloyd v. Estate of Robbins,* 2010 ME 59, ¶ 20, 997 A.2d 733. To bring a claim for breach of the covenant of warranty, it is necessary to demonstrate either an eviction of the grantee under a claim of superior title, *see id.* ¶ 21; *Hacker v. Storer,* 8 Me. 228, 231–33 (1832), or an equivalent "disturbance of title or possession by a paramount title," *Glover v. O'Brien,* 100 Me. 551, 554, 62 A. 656, 657 (1905).

[¶ 8] McCormick did not allege an actual eviction through ejection under a claim of superior title. *See Hacker,* 8 Me. at 231–33. The question, therefore, is whether he alleged an equivalent "disturbance of ... possession by a paramount title." *Glover,* 100 Me. at 554, 62 A. at 657. We have held that the covenant of warranty can be breached, even when "there is not a technical, physical ouster from the actual possession of any portion of [the property]," when possession of some portion of the property is entirely interrupted due to an undisclosed easement. *Harrington v. Bean,* 89 Me. 470, 475, 36 A. 986, 988 (1897). A disturbance of possession equivalent to eviction was determined to exist, for instance, when a grantor failed to disclose an easement that granted another landowner the authority to dam water and flood the land. *See id.* at 472, 475, 36 A. at 986, 988. Similarly, when not disclosed in a warranty deed, "[a] public road is an easement the existence of which, over a lot of land conveyed by deed,

with covenants of warranty, is a breach of those covenants." *Lamb v. Danforth,* 59 Me. 322, 324 (1871).

[¶ 9] Here, McCormick has alleged that he incurred legal expenses to determine the location of the easement's boundaries for purposes of constructing a fence and stone wall on his property. McCormick cannot rely on this allegation to assert a breach of the grantor's covenant of warranty. Unlike property that has been flooded or encumbered with a public road, *see Harrington,* 89 Me. at 472, 475, 36 A. at 986, 988; *Lamb,* 59 Me. at 324, the alleged confusion about the easement's boundaries did not disrupt McCormick's possessory rights in a way that constitutes a functional eviction from a portion of his property. McCormick has therefore failed to state a claim for relief based on the breach of the covenant of warranty.

B. Warranty of Freedom from Encumbrances

▇▇ [¶ 10] A breach of the warranty of freedom from encumbrances does not require an actual or functional eviction from the land. *See Lloyd,* 2010 ME 59, ¶ 21, 997 A.2d 733; *Glover,* 100 Me. at 554, 62 A. at 657. Instead, to state a claim for breach of the warranty of freedom from encumbrances, a plaintiff must allege that a particular encumbrance existed but was not communicated in the deed. *See Tammac Corp. v. Miller–Meehan,* 643 A.2d 370, 371–72 (Me.1994); *Glover,* 100 Me. at 554, 62 A. at 657.

▇▇ [¶ 11] Unlike the covenant of warranty, which holds grantors to their representations of title in a deed, the warranty of freedom from encumbrances serves only to protect a grantee from the reduction in value that results from an encumbrance that was not disclosed in the deed. *See Harrington,* 89 Me. at 476, 36 A. at 988

(stating that damages for a breach of the warranty of freedom from encumbrances amount to "just compensation for the real injury resulting from [the encumbrance's] continuance"). "A covenant of title which warrants that the premises are free from encumbrances is an agreement to indemnify the covenantee in the event that he or she suffers any loss to the value of the premises due to the existence of an encumbrance." 14 Richard R. Powell, *Powell on Real Property* § 81A.06[2][c][i] (Michael Allan Wolf, ed., LexisNexis Matthew Bender 2011).

[¶ 12] McCormick did not allege in his complaint that the Cranes failed to disclose the existence of the encumbrance on the deeded land. Rather, he alleged an inaccuracy in the location of that encumbrance on the Plan that was incorporated into the deed by reference. *See Bradstreet v. Bradstreet*, 158 Me. 140, 146, 180 A.2d 459, 462–63 (1962) (holding that a plan referenced in a deed is incorporated into that deed); *Bradstreet v. Winter*, 119 Me. 30, 38, 109 A. 482, 485 (1920) (same); *Proprietors of Kennebec Purchase v. Tiffany*, 1 Me. 219, 223 (1821) (same). The deed, which was attached to the complaint, referred both to the surveyed Plan and to a series of earlier deeds that described the easement as "the traveled way as it now exists."

[¶ 13] Neither party has offered any legal authority that directly addresses the narrow question of whether a deed that contains conflicting descriptions of an encumbrance can give rise to a claim for breach of the warranty of freedom from encumbrances.[3] Thus, to address the novel issue before us, we examine the scope of

a grantor's warranty of freedom from encumbrances.

[¶ 14] By executing a warranty deed, a grantor warrants that the property is free from all encumbrances except for those that are identified in the deed. *See Harrington*, 89 Me. at 472, 476, 36 A. at 986, 988; *Holmes v. Danforth*, 83 Me. 139, 21 A. 845 (1891). The purpose of the warranty of freedom from encumbrances is to ensure that the value of the property conveyed is not diminished by any encumbrances that have not been disclosed in the deed. *See Harrington*, 89 Me. at 476, 36 A. at 988. When land is described in a way that indicates the presence of an encumbrance, "so that knowledge of the fact is brought home to [the grantee] without resort to oral or other extraneous evidence, he must accept the land *cum onere;* and will not be allowed to complain of that incumbrance as a breach of the covenants in his deed." *Holmes*, 83 Me. at 142, 21 A. at 846.

[¶ 15] As these authorities demonstrate, a claim for breach of the warranty of freedom from encumbrances arises from a complete failure to disclose an encumbrance. *See, e.g., Tammac Corp.*, 643 A.2d at 371–72; *Harrington*, 89 Me. at 472, 476, 36 A. at 986, 988. When an encumbrance has been disclosed in a deed, even if only by strong implication, we have held that the warranty was satisfied. *Holmes*, 83 Me. 139, 21 A. 845 (holding that the warranty of freedom from encumbrances was not breached because a deed that granted land to the center of a public road thereby disclosed the existence of the encumbrance created by that road).

[¶ 16] Here, the deed disclosed that the property was "conveyed subject to ...

---

**3.** For instance, the cases cited in support of deed interpretation are inapposite because they involve the resolution of title claims involving parcels' boundaries, *see, e.g., Page v.*

*Nissen*, 254 A.2d 592, 596 (Me.1969); *Smith v. Sweat*, 90 Me. 528, 529, 533, 38 A. 554, 555, 556 (1897), not breach of warranty claims asserted against the grantor.

[t]he rights of others ... in and to a 'Trail to Ocean' as shown on [the] Plan which is set forth in various [identified] deeds." McCormick's complaint alleges that the location of the easement as described in the recorded Plan differs from the location of the easement "as it now exists," which is how the "various deeds" referenced in the Crane–to–McCormick deed described it. A conflict in the encumbrance descriptions does not, however, constitute a failure to disclose the encumbrance. The deed at issue definitively disclosed the encumbrance on the property, and that disclosure precludes a claim of breach of the warranty of freedom from encumbrances. *See id.*

[¶ 17] In sum, the Cranes did not warrant the precise accuracy of their descriptions of all disclosed encumbrances; rather, they warranted that there were no encumbrances on the property other than those that were disclosed in the deed. *See id.* Because the deed from the Cranes fully disclosed the existence of an easement that provided certain nearby parcels with ocean access, McCormick has failed to state a claim for breach of the warranty of freedom from encumbrances.

[¶ 18] Accordingly, we affirm the court's dismissal of McCormick's complaint. *See* M.R. Civ. P. 12(b)(6); *Johnston,* 2010 ME 52, ¶ 10, 997 A.2d 741.

The entry is:

Judgment affirmed.