STATE OF MAINE                          BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                          Location: Portland
                                        Docket No.: BCD-CV-14-26    ✓


ALEC T. SABINA and EMMA L.          )
SABINA,                             )
on behalf of themselves and all others )
similarly situated                  )
                                    )
                    Plaintiffs,     )      ORDER ON DEFENDANT'S MOTION
                                    )      TO DISMISS
        v.                          )
                                    )
WELLS FARGO HOME                    )
MORTGAGE, INC.,                     )
                                    )
                    Defendant.

## I.    INTRODUCTION

Before the Court is Defendant Wells Fargo Home Mortgage, Inc.'s ("Wells

Fargo") Motion to Dismiss Plaintiffs' Complaint for failing to state a claim for which

relief can be granted under Rule 12(b)(6) of the Maine Rules of Civil Procedure.

Plaintiffs seek an award of exemplary damages, court costs, and legal fees for

Defendant's alleged violation of 33 M.R.S. § 551 ("Section 551"). The statute requires a

mortgage lender to record a valid and complete release of the mortgage together within

60 days after full performance of the conditions of the mortgage.[1] The lender also has to

send the release by first-class mail to the borrower within 30 days after receiving it back

from the registry of deeds.[2]

---

[1] If the mortgage secures an open-ended line of credit, the 60 day period to deliver the release
commences after the mortgagor delivers to the address designated for payments under the line of
credit a written request to terminate the line of credit together with payments in full of all
amounts secured by the mortgage. *See* 33 M.R.S. § 551
[2] The case is brought as a class action pursuant to Rule 23(b)(3) of the Maine Civil Rules on
behalf of all persons who did not timely receive their original mortgage releases within the time
frame required by the statute.

1

Defendant faults the Plaintiffs' failure to allege when or even if Defendant received the original mortgage release from the registry of deeds, or when Wells Fargo mailed the original mortgage release to the Plaintiffs. Defendant also argues that it has no obligation under Section 551 of any kind unless the Plaintiffs delivered a written request to terminate the line of credit together with payments in full. Because of these alleged defects, Defendant asks the Court to dismiss the Complaint.

## II.    ANALYSIS

The Court on this date issued its decision on a similar Motion to Dismiss in BCD-CV-15-01, *Jonathan A. Quebbeman v. Bank of America.* The Court denied the motion but required Plaintiff in that matter to provide more specificity with regards to facts in his possession as to whether the Registry returned the mortgage release to the Defendant in that case (Bank of America, N.A.) and if so, when. In addition, the Court ordered the Plaintiff to provide more specificity as to when the Defendant mailed the release to the Plaintiff, or when (or if) Plaintiff ever received it. After reviewing the arguments made in this matter, the Court can see no reason here to apply a different analysis or come to a different conclusion.

Rule 8(a) of the Maine Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for judgment for the relief which the pleader seeks." Notice pleading under State law has as its purpose giving "fair notice" to the Defendant of the claim. *Shaw v. S. Aroostook Cnty. Sch. Dist,* 683 A.2d 502, 503 (Me. 1996). Dismissal of a claim is warranted only "when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Bonney v. Stephens Mem'l Hosp.,*

2

2011 ME 46, ¶ 16, 17 A.3d 123 (citing *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, 832).

The Court acknowledges that there are cases where the Law Court has suggested that a certain level of particularity is required, and that "merely reciting the elements of a claim is not enough." *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 13, 61 A.3d 1249. The Law Court has also allowed dismissal of claims by a trial court when basic elements of a claim are recited without also alleging specific supporting facts. *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶¶ 6-10, 54 A.3d 710.

The most recent Law Court decision, *Nadeau v. Frydrych*, however, suggests a more forgiving standard, where it was held sufficient when the complaint sets out "elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." 2014 ME 154, ¶ 5, 108 A.3d 1254 (citing *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295). *Nadeau* presented the Law Court with its most recent opportunity to adopt the more demanding federal standard, but that did not happen.

This Court in *Quebbeman* also noted that even under the federal standard, reciting the elements of a cause of action may be sufficient when "the required facts are sufficiently incorporated into the language of the common law or the statutory violation itself." *White v. G.C. Servs. LP*, 2012 WL 4747156, at *2 (D. Nev. Oct. 2, 2012). Here, Plaintiffs have alleged facts, which are incorporated into the language of the statute such that any reference to the facts (here, that a release was not sent within 30 days) necessarily states the language of the statute.

In addition, as the Court noted in *Quebbeman*, the cases relied upon by Defendant, *America v. Sunspray Condo. Ass'n*, 2013 ME, 99, ¶ 13, and *Ramsey v. Baxter*

3

*Title Co.*, 2012 ME 113, ¶¶ 6-10 are not particularly applicable. *Sunspray* turned on the failure of the Plaintiff to allege particularized injury, and *Ramsey* addressed the need in a claim alleging breach of fiduciary duty for a Plaintiff to plead facts that would establish existence of such a relationship. *Bryan R. v. Watchtower Bible and Tract Soc. of N.Y. Inc.*, 1999 ME 144, ¶ 22, 738 A.2d 839. None of these cases dealt with a situation where assertions of facts made in a complaint are facts incorporated into the language of a statute.

Finally, the Court does not agree with the Defendant that the decision on its motion should turn on the fact that the mortgage here was secured by an open-ended line of credit. A plain reading of the statute does not support the Defendant's position that it has no obligations of any kind under Section 551 unless the mortgagor delivers a written request to the lender to terminate the line of credit and the mortgage, together with payment in full. The Court interprets Section 551 to place the same obligation to send the release to the lender within 30 days after it is received by the lender from the registry, whether the mortgage secures an open-ended line of credit or whether it is a conventional mortgage. As Plaintiffs note, while the written request by the lender to terminate the line of credit may be a necessary precursor to the delivery of the release to the registry, once the release has been recorded, "that ship has sailed." (Pls.' Opp. Mot. 5.) It is undisputed in this case that the release was recorded. (Def.'s Ex. C.)

Because this is a case where the Plaintiffs have simply alleged facts incorporated into the language of a statute, and because the Law Court has not directly addressed such a situation, the Court will order the Plaintiffs to provide more specificity as to any facts that it has in his possession as to whether the Registry of Deeds returned the original

4

mortgage release to Wells Fargo, and if so when; and to provide more specificity as to any facts that it has in his possession as to when Wells Fargo mailed the original mortgage release, or when (or if) Plaintiffs ever received it. The Court would note that Plaintiffs expressed their willingness to amend its Complaint to provide further notice to the Defendant as to how it allegedly violated Section 551. (Pls.' Opp. Mot. n. 5.)

## III. CONCLUSION

THE ENTRY WILL BE: Defendant's Motion to Dismiss is DENIED. Plaintiffs have 14 days from the date of this Order to provide further specificity as described in the preceding paragraph.

This Order may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

4/6/15
DATE

M. MICHAELA MURPHY, JUSTICE
BUSINESS AND CONSUMER COURT

Entered on the Docket: 4/7/15
Copies sent via Mail___Electronically ✓

5

**Alec T Sabina and Emma L Sabinam on behalf
of themselves and all others similarly situated v.
Wells Fargo Home Mortgage, Inc.**

**BCD-CV-2014-26**


**Alec T Sabina and Emma L Sabinam on behalf
of themselves and all others similarly situated
      Plaintiff**

      Counsel:                  Peter Van Hemel, Esq.
                                    Meredith Eilers, Esq.
                                    Michael Bosse, Esq.
                                    Daniel Mitchell, Esq.
                                    100 Middle Street
                                    PO Box 9729
                                    Portland, ME 04104-5029

**Wells Fargo Home Mortgage, Inc.
      Defendant**

      Counsel:                  Daniella Massimilla, Esq.
                                    6 Kimball Lane, Suite 200
                                    Lynnfield, MA 01940