STATE OF MAINE                          BUSINESS AND CONSUMER COURT
CUMBERLAND, ss                          Location: Portland
                                        Docket No.: BCD-CV-15-01         ✓

JONATHAN A. QUEBBEMAN,              )
on behalf of himself and all others )
similarly situated                  )
                                    )
                    Plaintiff,      )
                                    )       ORDER ON DEFENDANT'S MOTION
          v.                        )       TO DISMISS
                                    )
BANK OF AMERICA, N.A.,              )
                                    )
                    Defendant,      )

## I.    INTRODUCTION

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to

Dismiss Plaintiff's Complaint for failing to state a claim as a matter of law under Rule

12(b)(6) of the Maine Rules of Civil Procedure.    Plaintiff is seeking an award of

exemplary damages, court costs, and legal fees for Defendant's alleged violation of 33

M.R.S. § 551 ("Section 551").   The statute requires a mortgage lender to mail original

recorded mortgage releases to their borrowers within thirty days after receiving them

back from the registry of deeds.[1]  Defendant asserts that the language in the Complaint

"merely parrots the language of the statute, without any factual detail whatsoever

concerning BANA's supposed conduct giving rise to this specific alleged violation."

(Def.'s Mot. 2.)

Defendant faults the Plaintiff's failure to allege when or even if BANA received

the original mortgage release from the Cumberland County Registry of Deeds, or when

---

[1] The case is brought as a class action pursuant to Rule 23(b)(3) of the Maine Civil Rules on behalf of all persons who did not timely receive their original mortgage releases within the time frame required by the statute.

1

BANA mailed the original mortgage release to the Plaintiff. Because of these defects, Defendant asks the Court to dismiss the Complaint with prejudice.

## II. STANDARD OF REVIEW

Rule 8(a) of the Maine Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for judgment for the relief which the pleader seeks." Notice pleading under State law has as its purpose giving "fair notice" to the Defendant of the claim. *Shaw v. S. Aroostook Cmty. Sch. Dist,* 683 A.2d 502, 503 (Me. 1996). Dismissal of a claim is warranted only "when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Bonney v. Stephens Mem'l Hosp.,* 2011 ME 46, ¶ 16, 17 A.3d 123 (citing *Saunders v. Tisher,* 2006 ME 94, ¶ 8, 902 A.2d 830, 832).

Defendant's counsel stated at oral argument that he was not arguing for this Court to adopt the more stringent federal standard, but did refer the Court to cases where the Law Court has suggested that a certain level of particularity is required, and that "merely reciting the elements of a claim is not enough." *America v. Sunspray Condo. Ass'n,* 2013 ME 19, ¶ 13, 61 A.3d 1249. The Law Court has affirmed dismissal when basic elements of a claim are recited without also alleging specific supporting facts. *Ramsey v. Baxter Title Co.,* 2012 ME 113, ¶¶ 6-10, 54 A.3d 710.

Plaintiff refers the Court to cases with language which suggest a more forgiving approach, including *Nadeau v. Frydrych,* where the Law Court stated that a complaint would be sufficient if it set forth "elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." ,2014 ME 154, ¶ 5, 108 A.3d

2

1254 (citing *McCormick v. Crane*, 2012 ME 20, ¶ 5, 37 A.3d 295). Plaintiff argues that even under the federal standard, reciting the elements of a cause of action may be sufficient when "the required facts are sufficiently incorporated into the language of the common law or the statutory violation itself." *White v. G.C. Servs. LP*, 2012 WL 4747156, at *2 (D. Nev. Oct. 2, 2012). Plaintiff asserts that is precisely what he has done in this case. He has alleged facts, which are incorporated into the language of the statute such that any reference to the facts (here, that a release was not sent within thirty days) necessarily states the language of the statute. Plaintiff states that "factual assertions are not magically transformed into legal conclusions simply because they track the language of a statute." (Pl.'s Opp. Mot. 4.)

## III. ANALYSIS

The Court agrees with the Defendant that the Complaint does not allege any facts as to whether the Registry of Deeds returned the original mortgage release to BANA, and if so when it was returned. It also does not indicate when BANA mailed the original mortgage release to the Plaintiff. The Complaint instead asserts that Plaintiff is entitled to relief under Section 551 because BANA did not mail an original recorded release to him within thirty days after receiving it from the Cumberland County Registry of Deeds. (Compl. ¶ 16.)

The Court has concluded that this is a situation where the Plaintiff has alleged facts incorporated into the language of a statute such that reference to the facts does indeed simply state the language of the statute. Under the federal Nevada decision cited

3

by Plaintiff this would be sufficient. The Law Court has not, however, addressed this situation directly.[2]

Because this issue has not been directly dealt with by the Law Court, and because this is a case where the Plaintiff has simply alleged facts incorporated into the language of a statute, the Court will order the Plaintiff to provide more specificity as to any facts that it has in his possession as to whether the Registry of Deeds returned the original mortgage release to BANA, and if so when; and to provide more specificity as to any facts that it has in his possession as to when BANA mailed the original mortgage release, or when (or if) Plaintiff ever received it. The Court would note that Plaintiff expressed its willingness to amend its Complaint to provide further notice to the Defendant as to how it allegedly violated Section 551. (Pl.'s Opp. Mot. n. 2.)

### IV.    CONCLUSION

THE ENTRY WILL BE: Defendant's Motion to Dismiss is DENIED. Plaintiff has 14 days from the date of this Order to provide further specificity as described in the preceding paragraph.

This Order may be noted on the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

_____4|6|15_____
DATE

_____
M. MICHAELA MURPHY, JUSTICE
BUSINESS AND CONSUMER COURT

---

[2] Although Defendant repeatedly urges the Court to rely upon language in *America v. Sunspray Condo. Ass'n*, 2013 ME 19, ¶ 13 which requires facts be pleaded "with sufficient particularity so that, if true, they give rise to a cause of action," that case turned on the failure of the Plaintiff to allege particularized injury. Defendant also cites to *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶¶ 6-10 which dealt with the failure to properly plead facts with enough particularity to establish a fiduciary relationship. *Bryan R. v. Watchtower Bible & Tract Soc. of N.Y. Inc.*, 1999 ME 144, ¶ 22, 738 A.2d 839. None of these cases deal with a statute where assertions of facts made in the complaint are facts which are incorporated into the language of a statute.

**Jonathan A. Quebbeman on behalf of
himself and all others similarly situated v.
Bank of America, N.A.**

**BCD-CV-2015-01**


**Jonathan A. Quebbeman on behalf of
himself and all others similarly situated
      Plaintiff**

       Counsel:                    Peter Van Hemel, Esq.
                                       Meredith Eilers, Esq.
                                       Michael Bosse, Esq.
                                       Daniel Mitchell, Esq.
                                       100 Middle Street
                                       PO Box 9729
                                       Portland, ME 04104-5029

**Bank of America, N.A.
      Defendant**

       Counsel:                    John Aromando
                                         Merrills Wharf
                                       254 Commercial Street
                                       Portland, ME 04101